The CHRISTIAN BUSINESS PHONE
BOOK, INC., Appellant–
Plaintiff,

v.

INDIANAPOLIS JEWISH COMMUNITY
RELATIONS COUNCIL, Indianapolis
Jewish Welfare Federation, Jewish Fed-
eration of Greater Indianapolis, Inc.,
Marcia Goldstone and Naomi Tropp,
Appellees–Defendants.

No. 49A05–9101–CV–7.

Court of Appeals of Indiana,
Fifth District.

Aug. 19, 1991.

Robert L. Trierweiler, Indianapolis, for
appellant-plaintiff.

Daniel D. Trachtman, Mark B. Gramel-
spacher, Wooden, McLaughlin & Sterner,
Indianapolis, for appellees-defendants.

SHARPNACK, Judge.

Plaintiff The Christian Business Phone
Book, Inc. (hereinafter "the corporation")
appeals the trial court's dismissal of its
cause of action against defendants India-
napolis Jewish Community Relations Coun-
cil, Indianapolis Jewish Welfare Federa-
tion, Jewish Federation of Greater India-
napolis, Inc., Marcia Goldstone, and Naomi
Tropp (hereinafter collectively "the coun-
cil"). We reverse.

The single issue raised by the corpora-
tion we restate as follows:

Did the trial court err in dismissing the
corporation's cause of action where the
corporation was represented by an attor-
ney when the court heard the motion to
dismiss although it was not represented
by an attorney when it filed its com-
plaint?

The relevant facts before the trial court
and this court are largely procedural. On
May 16, 1990, the corporation filed a four
count complaint against the council. This
complaint was signed by David M. Nar-
more, the president of the corporation. It
was not signed by an attorney, and no
attorney appeared for the corporation at
the time it filed the complaint. On July 9,
1990, the attorneys for the council filed an
answer and a motion to dismiss. The mo-
tion to dismiss was based on the failure of
the corporation to appear by attorney as
required by IND.CODE § 34–1–60–1.

The court set the matter for hearing on
September 10, 1990. On the tenth, attor-
ney Robert L. Trierweiler filed his appear-
ance for the corporation. The court held
the hearing on the motion to dismiss on the
same day. The court took the matter un-
der advisement, and, on the next day, it
granted the motion to dismiss. On October
4, two additional attorneys filed appear-
ances and a motion to set aside the dismis-
sal on behalf of the corporation, which mo-
tions the trial court denied.

It is clear that, except in certain small
claims cases where the claimed damages
amount to $750.00 or less, a corporation
must be represented by an attorney in or-

der to prosecute or defend a lawsuit. I.C. § 34–1–60–1; *see, State ex rel. Western Parks, Inc. v. Bartholomew County Court* (1978), 270 Ind. 41, 383 N.E.2d 290; *Rollins Protective Services Co. v. Wright* (1986), Ind.App., 493 N.E.2d 811; *Sears, Roebuck & Co. v. Roque* (1980), Ind.App., 414 N.E.2d 317; *and see* IND.RULES OF PROCEDURE, SMALL CLAIMS RULE 8(C). The council argues that, because corporations must be represented by attorneys in all litigation except the small claims cases noted above, and because the corporation filed its complaint without the benefit of an attorney, the trial court properly dismissed the case even though an attorney had appeared for the corporation in the case prior to the hearing on the dismissal.

We cannot support such a terminal result here. Dismissal is a remedy which is not favored in this state because "in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 634–635. In numerous cases, our appellate courts have held that dismissal should not be granted unless less drastic sanctions will not suffice. *See, Fulton,* 447 N.E.2d at 635–637 (citing numerous Indiana and federal decisions); *Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739, 741.

In *Western Parks,* the case upon which the council places its greatest reliance, the supreme court did not order the cause of action to be dismissed. Instead, the court issued a writ which prohibited the county court from further exercising jurisdiction in the matter until counsel appeared for the plaintiff corporation.

In addition, the federal cases which the council cites in support of its position actually support the position that a corporation should be given, and refuse, the opportunity to obtain counsel before its cause of action may be dismissed. In *Palazzo v. Gulf Oil Corp.* (11th Cir.1985), 764 F.2d 1381, the trial court, after repeatedly warning a corporate plaintiff to obtain representation by a licensed attorney, dismissed its cause of action for failure to obtain proper representation. In affirming the dismissal, a panel of the eleventh circuit noted:

Nor is any injustice done to plaintiff by this holding. *The record is clear that the court below was more than accommodating in urging proper representation of the corporate claims.* When original counsel for the plaintiffs withdrew, the court ordered plaintiffs to secure substitute counsel in 30 days. Despite plaintiffs' failure in this regard, the U.S. Magistrate, over 10 months later, in March of 1982, allowed the corporation another 10 days to obtain counsel for response to defendant's motion for summary judgment. *Plaintiffs having been fully advised of the need for proper representation of the corporate claims, we agree with the lower court's dismissal of these claims for lack of proper representation.*

764 F.2d at 1389 (emphasis added).

Similarly, the court in *Jones v. Niagara Frontier Transportation Authority* (2nd Cir.1983), 722 F.2d 20, affirmed the trial court which had entered an order dismissing an action by a corporate litigant unless the corporation obtained proper representation within forty-five days. The trial court in *Strong Delivery Ministry Association v. Board of Appeals* (7th Cir.1976), 543 F.2d 32, also dismissed a corporate cause of action for failure to obtain representation by an attorney, and the court of appeals affirmed the dismissal. In *Strong* as in *Jones,* however, the trial court had given the corporation the opportunity, which the corporation refused, to retain proper representation before dismissing the action. Obviously the trial and appellate courts in these cases recognized that the corporate litigant must be given a fair opportunity to correct its error and retain competent counsel before dismissal would be appropriate. We believe that this principle accords with our general rule disfavoring dismissals, and with the supreme court's specific actions in the *Western Parks* case, and, consequently, we hold the trial court here erred in dismissing the corporate cause of action after an attorney had appeared for the corporation.

We reverse and remand to the trial court with instructions to reinstate the plaintiff's cause of action.

REVERSED AND REMANDED WITH INSTRUCTIONS.

CHEZEM and BARTEAU, JJ., concur.