v.

STATE of Indiana, Appellee–Petitioner.

No. 20S03–0010–JV–606.

Supreme Court of Indiana.

March 20, 2002.

Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

RUCKER, Justice.

### Case Summary

S.T. was adjudicated a juvenile delinquent for the illegal consumption of alcoholic beverages, a Class C misdemeanor, and for committing acts that would have been criminal offenses if committed by an adult, namely: battery as a Class D felony and resisting law enforcement as a Class A misdemeanor. He appealed the adjudication contending he was denied the effective assistance of counsel. A divided panel of the Court of Appeals affirmed the juvenile court judgment. *S.T. v. State,* 733 N.E.2d 937 (Ind.Ct.App.2000). Having previously granted transfer, we now reverse the judgment of the juvenile court.

### Facts

In the early afternoon hours of June 29, 1999, two Elkhart police officers on bike patrol spotted a couple of young men, one of whom appeared to be carrying a can of beer. The officers stopped the young men, confirmed that one of them indeed was holding a can of beer, and noted an odor of alcohol on both. When the young man with the beer admitted that he was only seventeen years old, the officers arrested him for illegal consumption of alcohol. During a search incident to the arrest, the officers discovered a handgun and at that point ordered both young men to lie on the ground. The young man who initially had not been placed under arrest complied at first but then changed his mind. He scuffled with the officers and then fled the scene.

At the station, both officers looked through several photo arrays but were unable to identify a picture of the young man who had fled. The officers then sought to learn the names of some of the acquaintances of the young man who had been arrested. A few days later S.T.'s name surfaced and, when shown a single photograph of S.T., one of the officers said that he "immediately recognized" S.T. as the fleeing suspect, and the other officer said that he was "pretty sure" that S.T. was their man. R. at 31, 32. Sixteen-year-old S.T. was subsequently arrested and charged as a juvenile delinquent.

A fact-finding hearing was conducted September 10, 1999. Before evidence was presented, defense counsel declared that she intended to call three witnesses: S.T., S.T.'s mother, and L.C., a friend of S.T. The State objected and moved to prohibit the testimony of L.C. and S.T.'s mother on grounds that counsel had failed to submit a witness list ten days before trial as required by Elkhart County Local Trial Rule 13. The trial court agreed, granted the motion, and excluded the witnesses. After the conclusion of the hearing, the trial court adjudicated S.T. a delinquent. He appealed arguing ineffective assistance of counsel, and a divided panel of the Court of Appeals affirmed. S.T. sought transfer, which we previously granted. We now reverse the judgment of the juvenile court and remand this cause for further proceedings.

### Discussion

S.T. makes three claims of ineffective assistance of counsel. We address two of them, which may be consolidated and recast as trial counsel's failure to object to the State's motion to exclude defense witnesses. A defendant claiming ineffective assistance of counsel must es-

tablish the two components set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Williams v. Taylor,* 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). First, a defendant must show that counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. This requires showing that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Second, a defendant must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* In order to establish ineffective assistance of counsel based on the failure to object, a defendant must prove that an objection would have been sustained if made and that the defendant was prejudiced by the failure. *Timberlake v. State,* 690 N.E.2d 243, 259 (Ind. 1997).

■ Elkhart County Local Trial Rule 13 provides in pertinent part:

> Ten days before the commencement of the trial of any criminal case or a civil case which is a 'first or second setting' ... [e]ach party shall provide the court and each opposing counsel a final written list of names and addresses of that party's witnesses, as well as a written list of exhibits.

> If without just cause the exhibits and lists are not exchanged, stipulated to, or provided, then the exhibits or witnesses shall not be allowed to be used during the trial.

App. for Br. of Appellant at 1. Trial courts in the State of Indiana are permitted to make and amend rules governing their practice provided the rules are not inconsistent with the Indiana Rules of Trial Procedure. *See* Ind. Trial Rule 81. These procedural rules are intended to standardize the practice within the court, facilitate the effective flow of information, and enable the court to rule on the merits of the case. *Meredith v. State,* 679 N.E.2d 1309, 1310 (Ind.1997). As a general proposition, once made, all litigants, as well as the court, are bound by the rules. However, a court should not blindly adhere to all of its rules. *Id.* at 1311. As we have observed:

> Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.

*Id.* (quoting *American States Ins. Co. v. State ex rel. Jennings,* 258 Ind. 637, 283 N.E.2d 529, 531 (1972)).

■ There is no question that trial courts have the discretion to exclude belatedly disclosed witnesses. In that sense, the local trial rule in this case generally underscores the court's authority. However, that discretion is limited to instances where there is evidence of bad faith on the part of counsel or a showing of substantial prejudice to the State. *Williams v. State,* 714 N.E.2d 644, 651 (Ind.1999); *Cook v. State,* 675 N.E.2d 687, 691 (Ind.1996); *see*

*also Wiseheart v. State,* 491 N.E.2d 985, 991 (Ind.1986) ("The most extreme sanction of witness exclusion should not be employed unless the defendant's breach has been purposeful or intentional or unless substantial or irreparable prejudice would result to the State."). Indeed, in light of a defendant's right to compulsory process under the federal and state constitutions,[1] there is a strong presumption in favor of allowing the testimony of even late-disclosed witnesses. *Williams,* 714 N.E.2d at 651. Where a party fails to disclose a witness timely, courts generally remedy the situation by providing a continuance rather than disallowing the testimony. *Fields v. State,* 679 N.E.2d 1315, 1319 (Ind.1997).

 In this case there is no evidence that counsel acted in bad faith in failing to file a timely witness list. And neither before the trial court nor on appellate review does the State allege that it was prejudiced by counsel's conduct. Therefore, even though the local rule in this case may have suggested otherwise, S.T. should have been allowed to present the testimony of his two witnesses. The trial court's grant of the State's motion to exclude the witnesses was error. Accordingly, a timely defense objection to the motion would have been properly granted. We conclude therefore that counsel's conduct fell below an objective standard of reasonableness in failing to object to the State's motion. We conclude also that S.T. was prejudiced by counsel's conduct. *Compare D.D.K. v. State,* 750 N.E.2d 885, 888 (Ind.Ct.App. 2001) (finding harmless error in the trial not allowing defense witnesses to testify).

 The officers testified for the State and identified S.T. as the young man with whom they struggled and who fled the area. After the State rested, S.T. took the stand and testified that he had been home asleep at the time of the incident. According to S.T., he remained asleep until his mother woke him to take a telephone call from L.C. S.T.'s mother was prepared to testify that S.T. indeed was sleeping on the sofa when she awakened him to take a friend's call. And L.C., the friend who called S.T., was prepared to testify that he spoke with S.T. at the time he said he received the call. In his dissenting opinion, Judge Sullivan observed that although L.C. and S.T.'s mother were not exactly objective and detached witnesses, they nonetheless "would have added a different perspective to the defendant's version of events and reinforced his account, and therefore, the exclusion of the witnesses unnecessarily prejudiced the defendant." *S.T.,* 733 N.E.2d at 944 (Sullivan, J., dissenting). We agree.

### Conclusion

We reverse the judgment of the trial court. This cause is remanded for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

---

**1.** *See* U.S. Const. amend. VI; Ind. Const. art. I, § 13.