**RUETH DEVELOPMENT COMPANY, Harold Rueth and Helen Rueth, Appellants–Plaintiffs,**

v.

**Michael L. MUENICH, Appellee–Defendant.**

No. 45A05–0402–CV–62.

Court of Appeals of Indiana.

Oct. 27, 2004.

Richard W. Morgan, Sweeney Pfeifer Morgan & Stesiak, South Bend, IN, Stanley C. Fickle, Barnes & Thornburg, India-

napolis, IN, Jesse M. Barrett, Barnes & Thornburg, South Bend, IN, Attorneys for Appellants.

David M. Haskett, Lucy R. Dollens, Locke Reynolds, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Rueth Development Company, Harold Rueth, and Helen Rueth (collectively, the "Rueths") appeal the trial court's dismissal of their attorney malpractice complaint against Michael L. Muenich. The Rueths raise one issue, which we restate as whether the trial court abused its discretion by granting Muenich's motion to dismiss where the trial court had ordered the Rueths to file an amended complaint and the Rueths filed their amended complaint either one or three days late.[1] We reverse and remand.

The relevant facts follow. On May 19, 2002, the Rueths filed a complaint against Muenich that alleged Muenich "represented the [Rueths] in connection with an action brought by the United States on behalf of the United States Environmental Protection Agency" and "[a]s a result of [Muenich's] negligence during the course of said representation, the [Rueths] sustained damages in excess of $4 million dollars." Appellant's Appendix at 6–7. Muenich filed a motion for a more definite statement under Ind. Trial Rule 12(E) and sought the dates on which the alleged acts of negligence occurred. The trial court granted the motion on March 3, 2003, and ordered the Rueths to amend their complaint within twenty days.

The Rueths' counsel did not properly calendar the date on which the amended complaint was due. On March 26, 2003, the Rueths' counsel realized the error, called Muenich's counsel, and left a voicemail message advising that the Rueths had not yet filed the amended complaint but would do so the next day and requesting Muenich's counsel to call "if counsel for [Muenich] had a problem with that." Id. at 120. On March 27, 2003, the Rueths filed an amended complaint, and on the same day, Muenich filed a motion to dismiss the Rueths' complaint with prejudice under Ind. Trial Rule 12(E) because the Rueths had failed to file a timely amended complaint. Muenich later filed a motion to strike the Rueths' amended complaint. After a hearing, the trial court granted Muenich's motion as follows: "The Court hereby finds that [Muenich's] Motion to Dismiss [the Rueths'] Complaint with Prejudice shall be granted for the reason that [the Rueths' have] failed to comply with the deadlines imposed pursuant to this Court's Order of March 3, 2003." Id. at 5.

■ The issue is whether the trial court abused its discretion by granting Muenich's motion to dismiss where the trial court had ordered the Rueths to file an amended complaint and the Rueths filed their amended complaint either one or three days late. The trial court granted Muenich's motion for a more definite statement under Ind. Trial Rule 12(E), which provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall

---

1. Oral argument was held in this case on October 7, 2004, at Columbus East High School in Columbus, Indiana. We thank Columbus East High School for its hospitality and appellate counsel for their presentations.

point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within twenty [20] days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

We have held that Ind. Trial Rule 41(E) is applicable where a party fails to amend its complaint pursuant to a trial court's order under Ind. Trial Rule 12(E). *See Yaksich v. Gastevich*, 440 N.E.2d 1138, 1140 (Ind. Ct.App.1982). Ind. Trial Rule 41(E) provides that:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the

court in its discretion determines to be necessary to assure such diligent prosecution.

Thus, a complaint may be dismissed under Ind. Trial Rule 41(E) for failure to prosecute for sixty days or for a failure to comply with the rules.

 We will reverse a ruling under Ind. Trial Rule 41(E) only where there is an abuse of discretion. *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 55 (Ind. Ct.App.1993), *reh'g denied, trans. denied.* An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Grant v. Wal–Mart Stores, Inc.*, 764 N.E.2d 301, 303 (Ind.Ct.App.2002).

 The Rueths acknowledge that their amended complaint was filed either one or three days late.[2] The Rueths argue that even though their amended complaint was late, the trial court abused its discretion by dismissing their complaint because our courts disfavor dismissal for a technicality and "[d]ismissal for a miniscule delay is the epitome of resolution on a technicality." Appellants' Brief at 10. Muenich argues that the dismissal was permitted under the trial rules and that the trial court did not abuse its discretion.

**2.** The Rueths acknowledged to the trial court that the amended complaint was filed three days late. On appeal, the Rueths argue that they filed the amended complaint either one or three days late. According to the Rueths, Ind. Trial Rule 6(E) gave them an additional three days to file the amended complaint. Ind. Trial Rule 6(E) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three [3] days shall be added to the prescribed period." We have held in the case of a trial court's order for a more definite statement under Ind. Trial Rule 12(E) that Ind. Trial Rule 6(E) is applicable if the order is mailed to the

party. *Yaksich v. Gastevich*, 440 N.E.2d 1138, 1140 n. 5 (Ind.Ct.App.1982). Consequently, if the trial court's order was mailed to the Rueths, they had twenty-three days from the date of the order to respond, and their amended complaint was only one day late. However, the Rueths did not make this argument to the trial court. An appellant may not advance a theory on appeal which was not originally raised at the trial court. *Estate of Spry v. Greg & Ken, Inc.*, 749 N.E.2d 1269, 1272 n. 3 (Ind.Ct.App.2001), *reh'g denied.* Moreover, whether the Rueths' complaint was filed one or three days late is not a determinative issue. Thus, for purposes of this opinion, we assume that the amended complaint was filed three days late.

Our supreme court has held that the rules of trial procedure "are intended to standardize the practice within the court, facilitate the effective flow of information, and enable the court to rule on the merits of the case." *S.T. v. State*, 764 N.E.2d 632, 635 (Ind.2002). "As a general proposition, . . . all litigants, as well as the court, are bound by the rules." *Id.* However, a court should not blindly adhere to all of its rules. *Id.*

> Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.

*Id.* (quoting *American States Ins. Co. v. State ex rel. Jennings*, 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972)). Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. *Soft Water Utilities, Inc. v. Le Fevre*, 261 Ind. 260, 269, 301 N.E.2d 745, 750 (1973). However, "we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice." *Id.* Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, *Lee v. Friedman*, 637 N.E.2d 1318, 1320–1321 (Ind.Ct.App. 1994), we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Beemer v. Elskens*, 677 N.E.2d 1117, 1119 (Ind.Ct. App.1997), *reh'g denied, trans. denied.*

In determining whether a trial court has abused its discretion by dismissing a case under Ind. Trial Rule 41(E) for failure to prosecute, we generally balance several factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind.Ct.App.2003), *trans. denied.* "The weight any particular factor has in a particular case appears to depend upon the facts of that case." *Id.*

The Rueths argue that these factors are applicable to this case. Muenich argues that the factors are applicable only to cases involving failure to prosecute under Ind. Trial Rule 41(E) and not the failure to comply with the trial rules under Ind. Trial Rule 41(E). *See* T.R. 41(E) ("Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court . . . shall order a hearing for the purpose of dismissing such case."). However, we conclude that these factors are pertinent even in failure to comply with the trial rules cases under Ind. Trial Rule 41(E).

Each of these factors favors allowing the Rueths to prosecute their amended complaint. The error here caused a mini-

mal delay of three days. The missed deadline resulted from a calendaring error, not from an intentional violation of the trial court's order. Further, the missed filing deadline was not caused by the Rueths. Rather, the delay was caused by their attorney's calendaring error. The Rueths' counsel was not "stirred into action by a threat of dismissal." *Belcaster*, 785 N.E.2d at 1167. Rather, he caught his error, notified opposing counsel of the mistake, and filed the amended complaint the next day. Muenich has identified no prejudice caused by the delay. Additionally, there is no evidence that the Rueths had previously violated a trial rule or a trial court's order. Less drastic sanctions were available to the trial court, such as a verbal warning as suggested by the Rueths' counsel at oral argument. Lastly, as noted above, we have a preference for deciding cases on their merits.

Despite the fact that the Ind. Trial Rule 41(E) factors support the Rueths, Muenich argues that the trial court properly dismissed the Rueths' complaint and relies in part upon *Gray*, 624 N.E.2d at 49. There, Gray and Griffin individually filed their complaints against Westinghouse, and the trial court later consolidated the complaints. *Id.* at 51–52. The trial court granted Gray and Griffin leave to amend their complaints on November 23, 1987. *Id.* On June 4, 1991, the trial court ordered both Gray and Griffin to file amended complaints or contentions within 30 days. *Id.* The court also ordered both plaintiffs to "extend a good-faith offer of settlement to the [d]efendant on or before September 1, 1991." *Id.* On July 8, 1991, Griffin filed amended contentions, but Gray failed to file an amended contention. *Id.* Neither plaintiff made a good-faith offer of settlement to Westinghouse. *Id.* On August 30, 1991, Westinghouse filed a motion to dismiss Gray's complaint pursuant to Ind. Trial Rule 41(E) for failure to prosecute. *Id.* Gray eventually filed his amended contentions on June 19, 1992, the day of the dismissal hearing, but the trial court granted the motion to dismiss on June 26, 1992. *Id.*

On appeal, Gray argued that the consolidation with Griffin's complaint created a single dispute, thereby making his compliance with the court orders unnecessary and that the trial court abused its discretion because his failure to comply did not prejudice Westinghouse. *Id.* at 55. We held that "the evidence supports the trial court's decision in that Gray blatantly failed to comply with two of the court's orders." *Id.* However, "it is proper for the trial court and the reviewing court to consider all of the circumstances surrounding the dismissal." *Id.* Absent the filing of Gray's contentions, the trial court and Westinghouse had no way of knowing if Gray and Griffin's specific contentions would be similar. *Id.* Therefore, "compliance with the trial court's order was an important part of the pretrial process, not just a formality." *Id.* The consolidation did not have the effect of merging the two claims into one or relieving Gray of the duty to abide by the trial court's orders. *Id.* Further, we held that whether Westinghouse was prejudiced by Gray's failure to comply was not the controlling factor for the trial court or reviewing court. *Id.* Rather, the circumstances as a whole must be considered. *Id.* Consequently, we held that the trial court did not abuse its discretion by dismissing Gray's complaint. *Id.*

We find *Gray* distinguishable. First, there is a stark contrast in the length of delay in complying with the trial court's order to amend. Gray failed to comply with the order for almost a year, while the Rueths were only three days late in complying with the trial court's order. Furthermore, Gray had to be stirred into ac-

tion by the threat of dismissal while the Rueths' act of complying with the trial court's order was due to diligence on their part. After Westinghouse moved to dismiss, Gray finally filed his amended complaint on the day of the dismissal hearing and nearly ten months after the motion to dismiss had been filed. However, as soon as the Rueths discovered their error of not complying with the trial court's order to amend, they immediately notified opposing counsel and promptly filed their amended complaint the following day. Finally, Gray had a history of proceeding in a dilatory fashion because he had failed to comply with a second trial court order. There is no evidence here that the Rueths have failed to comply with other trial court orders.

We find our decision in *Beemer*, 677 N.E.2d 1117, which involved a late submission of evidence to a medical review panel in a medical malpractice case, more persuasive. The plaintiff's submission to the panel was due on September 11, 1995, but on September 15, 1995, the plaintiff's counsel called the chairman of the panel and informed him that the submission was "near completion but that counsel was starting an unrelated jury trial that was expected to last two weeks." *Id.* at 1118. On October 13, 1995, the chairman sent a letter to the parties confirming his prior telephone communication with plaintiff's counsel and requesting that plaintiff's counsel let him know when the submission would be complete. *Id.* Plaintiff's counsel failed to respond to the chairman's letter, but sent the submission of evidence on January 22, 1996. *Id.* On February 1, 1996, the doctor filed a motion for preliminary determination of law and a motion to dismiss with the trial court, and the trial court granted the doctor's motion to dismiss. *Id.* at 1118–1119.

On appeal, we held that the trial court should "consider the entire record of facts and circumstances surrounding the particular case when determining whether dismissal of a proposed complaint is an appropriate sanction." *Id.* at 1120. We concluded that the chairman did not deny the plaintiff's request for additional time, no new deadline was imposed, there was other evidence that also indicated the plaintiff's submission was provided "as soon as practicable" by counsel, the record did not show that the plaintiff's deliberately submitted their evidence in a dilatory fashion, and there was an absence of any history of repeated failures to comply with submission deadlines. *Id.* at 1120–1121. Consequently, we held that the trial court abused its discretion by dismissing the plaintiff's proposed medical malpractice complaint as an appropriate sanction. *Id.* at 1121.

We conclude that these circumstances are more like those in *Beemer* than *Gray*. Like the plaintiff in *Beemer*, there is no evidence that the Rueths deliberately submitted their amended complaint in a dilatory fashion or that the Rueths repeatedly failed to comply with deadlines. Moreover, the Rueths' delay in filing was much less than the delay in *Beemer*.

We find further support for our decision in *Christian Bus. Phone Book, Inc. v. Indianapolis Jewish Cmty. Relations Council*, 576 N.E.2d 1276, 1277 (Ind.Ct.App. 1991). There, the corporation filed a complaint against the council, and the complaint was signed by the president of the corporation. *Id.* at 1276. The complaint was not signed by an attorney, and no attorney appeared for the corporation at the time it filed the complaint. *Id.* On July 9, 1990, the attorneys for the council filed an answer and a motion to dismiss, which was based on the failure of the corporation to appear by attorney as re-

quired by Ind.Code § 34–1–60–1. *Id.* The trial court set the matter for hearing on September 10, 1990, and counsel filed an appearance for the corporation on the same day as the hearing. *Id.* After the hearing, the trial court granted the motion to dismiss. *Id.*

 On appeal, the council argued that because the corporation filed its complaint without the benefit of an attorney, the trial court properly dismissed the case even though an attorney had appeared for the corporation in the case prior to the hearing on the dismissal. *Id.* at 1277. We disagreed and reversed the trial court's decision as follows:

> We cannot support such a terminal result here. Dismissal is a remedy which is not favored in this state because "in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." In numerous cases, our appellate courts have held that dismissal should not be granted unless less drastic sanctions will not suffice.

*Id.* (internal citations omitted). We noted that in previous cases where we had affirmed a trial court's dismissal after a corporation's failure to retain counsel, the trial court "had given the corporation the opportunity, which the corporation refused, to retain proper representation before dismissing the action." *Id.* (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2nd Cir.1983), and *Strong Delivery Ministry Assoc. v. Bd. of Appeals*, 543 F.2d 32 (7th Cir.1976)). Thus, a corporate litigant must be given a fair opportunity to correct its error and retain competent counsel before dismissal is appropriate. *Id.* Therefore, we held that the trial court abused its discretion by dismissing the corporation's complaint after the attorney had appeared for the corporation. *Id.*

Similarly, we cannot support such a "terminal result" here. After analyzing the Ind. Trial Rule 41(E) factors and determining that each of the factors favors allowing the Rueths to prosecute their complaint, we conclude that the trial court abused its discretion by dismissing the Rueths' complaint. *See, e.g., id.*

For the foregoing reasons, we reverse the trial court's dismissal of the Rueths' complaint and remand for proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J. and MAY, J. concur.