**In the Matter of the GUARDIANSHIP OF Helen P. KNEPPER, an Adult.**

**No. 82A04–0602–CV–57.**

Court of Appeals of Indiana.

Feb. 16, 2007.

Verdelski V. Miller, Newburgh, IN, Attorney for Appellants.

Jeff Shoulders, Barber & Shoulders, LLP Evansville, IN, Attorney for Appellee.

## OPINION ON REHEARING

BAKER, Judge.

In our original published opinion, we affirmed the trial court's determination that appellee-defendant Rachel Hester—the guardian of Helen P. Knepper—properly rebutted a presumption of fraud in an action brought against her by Knepper's grandchildren, the appellants-plaintiffs in this case. *In re Guardianship of Knepper,* 856 N.E.2d 150 (Ind.Ct.App.2006).

The grandchildren petition for rehearing, urging us to reconsider our conclusion that they waived their argument regarding the applicability of Indiana Code section 29–3–8–5,[1] which purportedly required the trial court's approval before a beneficiary change on Knepper's American Express accounts could occur. We now grant rehearing for the sole purpose of clarifying our original opinion.

In considering the grandchildrens' argument regarding Indiana Code section 29–3–8–5, we determined that they had waived the issue because "[they] never raised the applicability of [the statute] until they filed a motion to correct error." *Id.* at 155. On rehearing, the grandchildren correctly point out that they cited Indiana Code section 29–3–8–5 in the proposed findings of fact and conclusions of law that were tendered to the trial court.

Appellant's Br. on Rehearing p. 1. We noted in our original opinion—which we now reaffirm—that the case was tried solely upon the theories of fraud and conversion. Id. We further observed that the theory on which the case was tried must be adhered to on appeal. *Rueth Dev. Co. v. Muenich,* 816 N.E.2d 880, 883 (Ind.Ct. App.2004).

While the grandchildren directed the trial court to Indiana Code section 29–3–8–5 in their proposed findings, we cannot say that the theories upon which they proceeded to trial supported the applicability of that statute. Moreover, Hester was not afforded the opportunity to respond to the grandchildrens' proposed findings. As a result, we affirm our original holding that the grandchildren waived the issue regarding the applicability of Indiana Code section 29–3–8–5 and conclude that the trial court properly entered judgment for Hester.

VAIDIK, J., and CRONE, J., concur.

---

1. This statute provides that
   (a) Any:
   1) sale or encumbrance of any part of the property of a protected person to a Guardian or a Guardian's spouse, agent, attorney, or any corporation, trust or other organization in which the Guardian has a substantial beneficial interest, or
   2) other transaction involving the property that is affected by a substantial conflict between the interest of the protected person and the Guardian's personal interest is void unless approved by the Court.
   (b) Every contract, sale, or conveyance executed by a protected person is void unless the protected person is a minor in which event the contract sale or conveyance is voidable.