**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS:

**STANLEY S. BROWN**
Lafayette, Indiana

**JOHN MORRIS**
Lafayette, Indiana

ATTORNEYS FOR APPELLEES:
Attorney for Anonymous, M.D.
**MICHELE L. HENDERSON**
Katz & Korin, P.C.
Indianapolis, Indiana

Attorneys for Anonymous Health Care Corp.
**EDNA M. KOCH**
**MARILYN A. YOUNG**
Indianpaolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARIGOLD OVERSHINER and<br>EARL OVERSHINER, Individually and as<br>Parents and Guardians of their Minor Daughter,<br>Kaitlyn Overshiner, and KAITLYN<br>OVERSHINER, Minor Child,<br><br><br>    Appellants-Defendants,<br><br>    vs.<br><br>ANONYMOUS HEALTH CARE<br>CORPORATION and ANONYMOUS, M.D.,<br><br>    Appellees-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 67A01-1303-CT-110<br>)<br>)<br>)<br>)<br>)<br>) |

APPEAL FROM THE PUTNAM CURCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-0610-CT-321

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Marigold and Earl Overshiner appeal the dismissal with prejudice of their medical malpractice action. As the Overshiners complied with the trial court's order that they obtain new counsel within ninety days, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In September 2006, Marigold and Earl Overshiner sued an obstetrician and the hospital that employed him (collectively, "the Providers")[1] for malpractice arising out of treatment their daughter received shortly after she was born. The Overshiners' first attorney withdrew after filing the lawsuit, and they retained attorney John Morris. Morris was assisted in researching the case by Stan Brown, who was at that time a retired and inactive attorney.

A medical review panel issued an opinion favorable to the Providers on May 13, 2011. The Providers moved for summary judgment in September 2011, and after two requests for extension of time the Overshiners responded on December 19, 2011. As the case was progressing, attorney Morris experienced a number of medical issues that resulted in a series of delays and discovery violations attributable to him. On July 30, 2012, the Providers moved to dismiss for failure to prosecute.

On September 18, 2012, the trial court ordered the Overshiners to "notify the Court no later than [December 17, 2012] as to their new attorney, via appearance, or that they are proceeding pro se / self represented. . . . If there is failure to do this, the Court shall dismiss

---

[1] The doctor and hospital are not named, as required by Ind. Code § 34-18-8-7, which provides a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel, but the complaint filed in court may not contain any information that would allow a third party to identify the defendant.

this cause of action." (Appellant's App. at 24.) On December 8, the Overshiners asked for an extension of time, which was denied. Attorney Brown then decided he would reactivate his attorney license and enter an appearance for the Overshiners. An email from the Roll of Attorneys indicates his status was "changed from Inactive in Good standing to Active in Good Standing effective 12/17/2012 12:00 a.m." (*Id.* at 56.)

On December 19, 2012, the trial court dismissed the Overshiners' action with prejudice for "failure to conform to the prior Court order of September 18, 2012." (*Id.* at 41.) It noted "[a]n appearance form was faxed to the Court on December 17, 2012 for Attorney Stanley Brown, who, by Role [sic] of Attorneys, is in inactive status, which does not allow him to represent [the Overshiners]." (*Id.*)

The Overshiners moved to correct error, submitting evidence demonstrating Brown's attorney status was in fact "active" when he entered his appearance. The trial court denied the motion to correct error but stated no basis for the denial.

## DISCUSSION AND DECISION

Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanction of dismissal, but we view dismissals with disfavor because they are extreme remedies that should be granted only under limited circumstances. *Rueth Dev. Co., v. Muenich,* 816 N.E.2d 880 (Ind. Ct. App. 2004), *trans. denied.* We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it. *United Bhd. of Carpenters & Joiners of Am., Local Union No. 2371*

3

*v. Merch. Equip. Grp., Div. of MEG Mfg. Corp.*, 963 N.E.2d 602, 606 (Ind. Ct. App. 2012).

We will affirm if there is any evidence that supports the trial court's decision. *Id.*

> Trial Rule 41(E) provides:
>
> [W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

The purpose of the rule is to ensure that plaintiffs will diligently pursue their claims. *United Bhd.,* 963 N.E.2d at 606.

The burden of moving the litigation forward is on the plaintiff, not the court. *Id.* It is not the trial court's duty to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so. *Id.* Courts cannot be asked to carry cases on their dockets indefinitely, and the rights of the adverse party should also be considered. *Id.* A defendant should not be left with a lawsuit hanging over his head indefinitely. *Id.* The rule therefore provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution. *Id.*

The Providers correctly note "an entire course of conduct throughout this case" that might have permitted dismissal, (Br. of Appellee/Defendant Anonymous, M.D. (hereinafter Doctor's Br.") at 13), and argue at length that we should "look at the entire course of conduct." (*Id*. at 14.) We decline to do so, as nothing in that "course of conduct" was

4

included as part of the trial court's stated reason for dismissing the case.

The Providers next assert, without citation to the record, "The Court recognized that the Appearance of Attorney Brown was not a good faith effort to comply with the spirit of the Court's order. The Court recognized that the case would probably not be diligently prosecuted."[2] (Br. of Appellee, Anonymous Healthcare Corporation (hereafter "Hospital Br.") at 36.) Regardless whether the trial court "recognized" everything the Providers attribute to it, that was not the court's stated basis for the dismissal, and we therefore decline to affirm on that ground.

Nothing in the trial court's order reflects any such "recognition." It states only that the case was dismissed because attorney Brown was inactive and therefore could not represent the Overshiners. That was incorrect. The dismissal order was explicit that the dismissal was for the Overshiners' "failure to conform to the prior Court order of September 18, 2012." (Appellants' App. at 41.) The only thing explicitly "ordered" September 18 was that the Overshiners notify the court within ninety days as to their new attorney or that they would proceed *pro se*. The Court subsequently dismissed the case, noting it had been provided an appearance form on December 17 for attorney Brown, "who, by Role [sic] of Attorneys, is in

---

[2] The Providers argue, without citation to authority, that Brown was not the "new" attorney the trial court ordered the Overshiners to provide because he had previously worked on the case and because he had agreed only to "enter the case in the interim," pending the involvement of two other attorneys who indicated they would enter the case after conducting their own investigation. (Appellants' App. at 25.) As Brown was merely a "placeholder," (Hospital Br. at 23), the Providers argue, he was "not in a position to diligently pursue the matter." (Id.)

The record reflects Brown agreed to serve in the interim so that a deposition the Providers wanted could go forward. We decline the Providers' invitation to hold that an attorney who represents a client on an "interim" basis is necessarily incapable of "diligent pursuit" while he is involved or that a person cannot be a "new" attorney just because he has previously worked on a case as a non-attorney.

inactive status, which does not allow him to represent [the Overshiners]." (*Id.*)

Brown was an active attorney when he entered his appearance, and he entered his appearance before the deadline. The trial court's incorrect determination that Brown could not represent the Overshiners because he was in inactive status was therefore "against the logic and effect of the facts and circumstances before it," *United Bhd.,* 963 N.E.2d at 606, and an abuse of discretion. We must accordingly reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., and BRADFORD, J., concur.