**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS:

**THOMAS A. CLEMENTS**
Law Offices of Thomas A. Clements
Merrillville, Indiana

**DAVID SCOTT**
Louisville, Kentucky

ATTORNEYS FOR APPELLEE
CHRYSLER GROUP LLC:

**BRIAN W. BELL**
**ANDREW J. ALBRIGHT**
Swanson, Martin & Bell, LLP
Chicago, Illinois

ATTORNEYS FOR APPELLEE GRIEGER
MOTOR SALES, INC.:

**JENNIFER E. DAVIS**
**COURT L. FARRELL**
Bruce P. Clark & Associates
St. John, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RACHEL M. SWANEY and ERIC SWANEY, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1401-CT-25 |
| | ) | |
| CHRYSLER GROUP LLC and | ) | |
| GRIEGER'S MOTOR SALES, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1112-CT-11776

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Rachel M. Swaney and Eric Swaney (together, "the Swaneys") appeal from the trial court's order dismissing their complaint against Chrysler Group, LLC and Grieger's Motor Sales, Inc. (together, "Chrysler").[1] The Swaneys raise the following restated issue for our review: whether the trial court abused its discretion when it dismissed their complaint for failure to prosecute pursuant to Indiana Trial Rule 41(E).

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On December 7, 2011, the Swaneys filed a complaint against Chrysler alleging that, on September 5, 2010, the brakes in the Swaneys' 2005 Chrysler Pacifica ("the Pacifica") failed to respond when Rachel approached an intersection, causing the Pacifica to become involved in a collision with other vehicles. The Swaneys contended that defects in the braking system and design of the Pacifica caused Rachel serious and permanent injuries. At the time the complaint was filed, the Swaneys were represented by attorney Kenneth B. Elwood.

On August 3, 2012, Chrysler moved for, and was granted, a protective order precluding the Swaneys or anyone acting on their behalf from moving, testing, inspecting, or examining the Pacifica without notice to, or a stipulation from, Chrysler. On May 10, 2013, Elwood filed a motion to withdraw his appearance on behalf of the Swaneys, to which the Swaneys consented, and the trial court granted the withdrawal on May 14, 2013. The Swaneys were given thirty days, or until June 13, 2013, to retain new counsel. On

---

[1] Although Grieger's Motor Sales, Inc. did not file a separate brief, it did file a motion to join in Chrysler Group, LLC's Appellee's Brief. We will, therefore, refer to the appellees jointly as Chrysler.

2

June 12, 2013, the Swaneys filed a motion for additional time to retain counsel, and the trial court granted this motion, allowing the Swaneys until July 12, 2013 to retain new counsel. No new counsel appeared for the Swaneys by July 12.

On July 16, 2013, Chrysler filed a motion requesting that the trial court set a case management conference and also filed discovery requests, including requests for admissions and interrogatories. The trial court set a case management conference for August, 15, 2013. The Swaneys did not receive the trial court order setting the date for the case management conference and, therefore, failed to appear at the conference, at which the trial court, *sua sponte*, set a Trial Rule 41(E) dismissal hearing for October 17, 2012. The Swaneys also did not answer Chrysler's requests for admissions within thirty days, which deemed those matters admitted. On September 6, 2013, Chrysler filed its motion to dismiss pursuant to Trial Rule 41(E), in which it argued that the Swaneys had failed to prosecute their case for three months since their attorney's withdrawal and that the Swaneys had not responded to Chrysler's request for admissions, thus establishing an absence of liability for Chrysler. The trial court granted the motion and entered an order of dismissal on September 10, 2013.

On October 15, 2013, attorneys Tom Clements and David Scott each filed appearances on behalf of the Swaneys. On that same date, the trial court vacated the earlier order of dismissal, but the October 17 hearing remained set. Sometime prior to the hearing, the Swaneys' attorneys removed the Pacifica from storage in Illinois and transported it to Kentucky for further examination in violation of the protective order. At the October 17 hearing, the Swaneys' counsel appeared and indicated their willingness to promptly and

3

diligently prosecute the case. The trial court ordered that the Pacifica be returned to an agreed-upon location within fourteen days and that the parties file briefs on issues related to Chrysler's Trial Rule 41(E) motion to dismiss. The trial court set the case for further hearing on the motion to dismiss for December 19, 2013.

The Swaneys' counsel fully complied with the trial court's order by returning the Pacifica to the prior inspection location and by briefing the requested issues. In their response to Chrysler's motion to dismiss, the Swaneys argued that Rachel's medical condition made it very difficult for her to consult with and obtain new counsel after Elwood withdrew on May 14, 2013. *Appellants' App.* at 50. They also asserted that, although they received a copy of Chrysler's motion requesting a case management conference, the attached order did not include the date of the conference. *Id.* The Swaneys' attorneys also filed a motion for leave to withdraw the admissions that had been entered as a matter of law when the Swaneys did not respond; that motion was granted. At the December 19 hearing, the trial court dismissed the Swaneys' complaint for failure to prosecute pursuant to Trial Rule 41(E). The Swaneys now appeal.

## DISCUSSION AND DECISION

We will reverse a trial court's dismissal of a cause of action under Indiana Trial Rule 41(E) only upon an abuse of discretion. *Ind. Dep't of Natural Res. v. Ritz*, 945 N.E.2d 209, 213 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances. *Id.* We will affirm the trial court if any evidence supports the trial court's decision. *Id.* "However, 'we view dismissals with disfavor, and dismissals are considered extreme remedies that should

4

be granted only under limited circumstances.'" *Id*. (quoting *Rueth Dev. Co. v. Muenich,* 816 N.E.2d 880, 884 (Ind. Ct. App. 2004) (citing *Beemer v. Elskens,* 677 N.E.2d 1117, 1119 (Ind. Ct. App. 1997), *trans. denied*), *trans. denied*).

The Swaneys argue that the trial court abused its discretion when it dismissed their complaint for failure to prosecute under Trial Rule 41(E). They assert that delay in this case "was relatively slight and was due to Rachel's inability to quickly find a new attorney willing to take over [the] case." *Appellants' Br*. at 10. The Swaneys allege that, because their case involves a products liability claim and complicated issues defended by a sophisticated defendant and will be expensive and time consuming to pursue, it is not unreasonable that there was a delay attributable to finding new counsel. Further, the Swaneys contend that the case will be diligently prosecuted as evidenced by the filings and steps taken by their new counsel since taking over the case. Lastly, the Swaneys claim that dismissal is an extreme remedy that should not have been ordered because of the prejudice they would suffer.

Indiana Trial Rule 41(E) provides,

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

A trial court's authority to dismiss a case pursuant to Trial Rule 41(E) "stems not only from considerations of fairness for defendants, but is also rooted in the administrative discretion

necessary for a trial court to effectively conduct its business." *Baker Mach., Inc. v. Superior Canopy Corp.,* 883 N.E.2d 818, 823 (Ind. Ct. App. 2008), *trans. denied.* The purpose of this rule is to ensure that plaintiffs will diligently pursue their claims. *Olson v. Alick's Drugs, Inc.,* 863 N.E.2d 314, 319 (Ind. Ct. App. 2007), *trans. denied.* The plaintiff, and not the trial court, bears the burden of moving the litigation. *Belcaster v. Miller,* 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied.* A trial court cannot be asked to carry cases on their dockets indefinitely, and the rights of the adverse party should also be considered; the adverse party should not be left with a lawsuit hanging over its head indefinitely. *Id.*

In determining whether a trial court abused its discretion in dismissing an action for failure to prosecute, we consider several factors, including:

> (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. The weight any particular factor has in a particular case depends on the facts of that case.

*Ritz*, 945 N.E.2d at 214-15 (citing *Olson*, 863 N.E.2d at 319-20; *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004)).

In the present case, the delay at issue was approximately five months, from May 14, 2013, when Elwood withdrew as the Swaneys' counsel, until October 15, 2013, when Clements and Scott entered their appearances for the Swaneys. The reason for the delay

6

was due to withdrawal of the Swaneys' attorney and their inability to quickly find a new attorney willing to take over their case. The Swaneys' case involves a products liability claim, and such claims involve complicated issues and are expensive and time consuming for plaintiff's counsel to pursue. Before his withdrawal, the Swaneys' previous counsel had advanced $11,178.92 of his own funds in the investigation and pursuit of the Swaneys' claims.

Additionally, the Swaneys' new counsel, Scott, represented to the trial court that the case would be diligently prosecuted and set out in detail in his affidavit what discovery and medical investigation he intended to immediately pursue in the case. Scott took immediate steps to make it possible to proceed with the case, including filing a motion and memorandum for leave to withdraw the admissions previously deemed admitted by operation of law, which was granted by the trial court on November 4, 2013. This allowed the Swaneys to deny the admissions and proceed with the case. Scott also sought leave to file an amended complaint to clarify the legal issues of the products liability claim.

Further, Chrysler has not shown any resulting prejudice from the delay. Chrysler claims that it has been forced to expend resources briefing issues, filing documents, and performing actions because of the Swaneys' failure to timely prosecute this case. However, Chrysler has not demonstrated how this expense of resources differs from the normal burdens of defending any lawsuit or that the delay has caused it an inability to properly prepare its case and pursue its defense. On the other hand, the Swaneys would suffer substantial prejudice if their complaint is dismissed. Rachel sustained serious life-altering injuries in the collision at issue, and is still suffering from various medical issues. Her only

7

chance for redress is the opportunity to pursue and prove her allegations on the merits of the case. Indiana Courts have a preference for deciding cases on their merits. *Rueth Dev., Co.*, 816 N.E.2d at 885. We also note that the trial court did not attempt to impose any lesser sanctions against the Swaneys before imposing the greater sanction of dismissal.

"Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Ind., LLP*, 929 N.E.2d 853, 857 (Ind. Ct. App. 2010) (citing *Turner v. Franklin Cnty. Four Wheelers Inc.,* 889 N.E.2d 903, 905 (Ind. Ct. App. 2008)). Under the circumstances of the present case, the delay in prosecution was not lengthy and was caused by the withdrawal of the Swaneys' attorney. New counsel has been obtained by the Swaneys and has represented to the trial court that the case will be diligently prosecuted going forward. Chrysler has not shown any resulting prejudice from the delay; however, the Swaneys would suffer significant prejudice if the dismissal of their complaint is sustained. Dismissal under these circumstances is inconsistent with Indiana's "oft-stated policy of having cases decided on their merits whenever possible." *Deutsche Bank Nat'l Trust Co. v. Harris*, 985 N.E.2d 804, 815 (Ind. Ct. App. 2013). We conclude that the trial court abused its discretion when it dismissed the Swaneys' complaint pursuant to Trial Rule 41(E). We, therefore, reverse the trial court's order dismissing the Swaneys' complaint and remand for further proceedings. Reversed and remanded.

MAY, J., and BAILEY, J., concur.