STRONG DELIVERY MINISTRY ASSO-CIATION, an Illinois Corporation, Plaintiff-Appellant,

v.

BOARD OF APPEALS OF COOK COUN-TY and Mr. George Dunne, President of Cook County Board of Commissioners, Defendants-Appellees.

SEARS, SUCSY & CO., a Delaware Corporation, Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant, Third-Party Plaintiff-Appellee,

v.

Westcott TRAINOR et al., Third-Party Defendants-Appellees.

Nos. 76–1451, 76–1721.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 8, 1976.

Decided Oct. 27, 1976.

Rev. Rachel V. Elder, Chicago, Ill., for plaintiff-appellant in No. 76–1451.

Thomas D. Rafter, Asst. State's Atty., Chicago, Ill., for defendants-appellees in No. 76–1451.

Whitney and Reid, West Palm Beach, Fla., Gerald A. Sears, Sears, Sucsy & Co., Chicago, Ill., for plaintiff-appellant in No. 75–1721.

Edward D. Lapperre, Vincent P. Reilly, James J. Doheny, Terrence Hutton, Martin Cohn, Chicago, Ill., for defendants-appellees in No. 75–1721.

Before CUMMINGS, TONE and WOOD, Circuit Judges.

PER CURIAM.

These two appeals are consolidated for the purpose of deciding whether a corporation may proceed in federal court through lay representation.

*No. 76–1451*

Strong Delivery Ministry Association, a not-for-profit corporation organized under the laws of the State of Illinois, has brought this action pursuant to 42 U.S.C. §§ 1981 and 1983, alleging violation of its first amendment rights to freedom of worship, speech, press and peaceable assembly. Plaintiff appears in this court, as it did below, through its president and founder, the Reverend Rachel V. Elder, who is a non-lawyer. Plaintiff suggested to the district court that its first amendment rights were infringed upon by the defendant Board of Appeals of Cook County when it refused to permit Reverend Elder to represent plaintiff in tax exemption proceedings pending before the Board and directed the Reverend Elder to obtain counsel for the representation of plaintiff.[1] The district court dismissed plaintiff's complaint without reaching its merits, but with leave to file an amended complaint if presented by a member of the bar of that court. After the denial of a motion to reconsider, the plaintiff has appealed.

Appearances generally in the federal courts are governed by 28 U.S.C. § 1654 (1970).[2] While Federal Rule of Appellate Procedure 46 and Circuit Rules of the United States Court of Appeals for the Seventh Circuit 5 and 27 pertain to the admission and appearance of attorneys before this court, reference must be made to the common law tradition and current case law to determine the application of section 1654 to the appearance of a non-lawyer in behalf of a corporation in federal court.

At common law ". . . a plea by a corporation aggregate, which is incapable of a personal appearance, must purport to be by attorney." 1 Chitty On Pleading 550 (12th Am.Ed.1855). In *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 326, 365–66, 6 L.Ed. 204 (1824), Chief Justice Marshall, in responding to the question of whether the record of the case should disclose that the defendant bank authorized the institution or prosecution of the suit, stated: "It is admitted that a corporation can only appear by attorney. . . . A corporation, it is true, can appear only by attorney, while a natural person may appear for himself." *Id.* Likewise, in *Commercial & Railroad Bank of Vicksburg v. Slocomb, Richards & Co.,* 39 U.S. (14 Pet.) 60, 65, 10 L.Ed. 354 (1840), it was stated that ". . . a corporation cannot appear but by attorney. . . ." *Id.* It becomes clear that the principle of stare decisis is a compelling force in the case before us.

The underlying rationale for the rule was inquired into in *Heiskell v. Mozie,* 65 U.S. App.D.C. 255, 82 F.2d 861, 863 (1936) wherein it was explained:

> The rule in these respects is neither arbitrary nor unreasonable. It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty. . . . The rules for admission to practice law in the courts of the District of Columbia require the applicant to submit to an examination to test not only his knowledge and ability, but also his honesty and integrity, and the purpose behind the requirements is the protection of the public and the courts from the consequences of ignorance or venality.

Perhaps cutting more to the quick, it was suggested in *Mortgage Commission of New York v. Great Neck Improvement Co.,* 162 Misc. 416, 295 N.Y.S. 107, 114 (1937):

> Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men, whose credo

---

1. Reverend Elder eventually obtained counsel to represent plaintiff before the Board and tax-exempt status was granted plaintiff on November 22, 1974.

2. 28 U.S.C. § 1654 reads:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

is that the end justifies the means, disbarred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts.

The uniform interpretation of 28 U.S.C. § 1654 and the reference to "the parties" therein is consonant only with the parties in interest—the real beneficial owners of the claims asserted in the suit. Reverend Elder's interest is not that of the real beneficial owner where the corporation is a legal entity with an existence unto its own, separable from the interest of its president and founder. That fact is plainly pointed up in this case where the corporation achieved tax-exempt status wholly apart from Reverend Elder's taxpayer status. Although section 1654 protects the individual's right to "plead and conduct [his or her] own cases personally," that right has never been enlarged to permit the individual to act in behalf of or as an agent for a party corporation. *Heiskell, supra* at 863. *Accord, In re Highley,* 459 F.2d 554, 555 (9th Cir. 1972); *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir. 1969); *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967); *Simbraw, Inc. v. United States,* 367 F.2d 373, 374 (3d Cir. 1966); *Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir. 1962); *Acme Poultry Corp. v. United States,* 146 F.2d 738, 740 (4th Cir. 1944); *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 476 (S.D.Tex.1975); *Algonac Mfr. Co. v. United States,* 458 F.2d 1373, 1375, 198 Ct.Cl. 258 (1972). *See* Annot., 19 A.L.R.3d 1073 (1968).

## No. 75–1721

Sears, Sucsy & Co., a Delaware corporation (hereinafter plaintiff), has appealed from entry of summary judgment in favor of defendant Insurance Company of North America and from the denial of its own motion for summary judgment. Plaintiff appeared by attorney below until May 8, 1975, when its attorney moved to withdraw from the case. On June 6, 1975, the district court entered its memorandum order in which it referred to the attorney's motion to withdraw in the context that Gerald A. Sears (Sears), president of plaintiff corporation, had been given notice of the attorney's motion to withdraw from representation of plaintiff as well as defendant's pending motion for summary judgment and that plaintiff had not responded to defendant's motion. The record does not show that the district court ever ruled on the attorney's motion to withdraw.

On June 25, 1975, Sears, purporting to act in plaintiff's behalf, filed a notice of appeal and thereafter filed a brief for the plaintiff corporation in this court. No attorney has ever entered an appearance in behalf of plaintiff during the pendency of this appeal.

Sears has made claims in various papers filed with this court that a state court judge presiding over a related action has forbidden him to employ counsel in this appeal; that the state court judge has threatened Sears with incarceration if he pursues this appeal, and that generally he is without funds to hire a lawyer. None of these bare allegations have been substantiated in any manner by Sears. On the other hand, counsel for defendant and third-party defendants have suggested that Sears has foisted egregious misrepresentations upon this court and in support thereof have submitted a copy of an order entered in the aforementioned state court proceeding whereby nearly $20,000.00 was released to Sears, ". . . which check and its proceeds shall be used for the corporate purposes of Sears, Sucsy & Co." *Sears, Sucsy & Co. v. Shapiro* and *Young v. Sears,* Consolidated Nos. 73 CH 3540, 73 CH 4361 (Cir.Ct. Cook County, Illinois County Dep't Ch.Div., Oct. 29, 1975). Counsel for third-party defendants, who are also attorneys of record in the state court action, have represented in sworn affidavits that the funds were released to Sears in response to Sears'

request for the stated purpose of obtaining counsel to prosecute this appeal.

In appeal No. 76–1451, defendants' motion to affirm without oral argument is GRANTED and the district court's judgment dismissing the complaint is hereby AFFIRMED.

Upon consideration of the facts in appeal No. 75–1721 and for the reasons stated in this Court's opinion in No. 76–1451, defendants' motions to dismiss the appeal in No. 75–1721 are GRANTED and the appeal is hereby DISMISSED.