**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATO INDIAN NATION,

    Plaintiff-Appellant,

v.

STATE OF UTAH,

    Defendant-Appellee.

No. 02-4062
(D. Utah)
(D.Ct. No. 2:01-CV-802-J)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Nato Indian Nation (Nato) appeals the dismissal of its complaint against the State of Utah by the United States District Court for the District of Utah. Nato

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

presents itself as "a sovereign indigenous government, whose citizenship is comprised of federally supervised and non-federally supervised indigenous citizens from various [Native American] tribal affiliations . . . ." Apparently, Nato entered into an "intent to Joint Venture" with a private party regarding a mineral interest on state land administered by the State of Utah School and Institutional Trust Lands Administration.[1] When Nato was informed by an officer from the Trust Lands Administration that another private party claimed ownership to the mineral interest, it filed this complaint, signed by Henry Clayton, who listed his capacity as Chief Justice, Ministry of Justice, Western Regional Office, First Federal District Court, Nato Indian Nation. The complaint alleges the State of Utah mismanaged school trust lands relating to Nato's mineral interest.[2]

The State filed a motion to dismiss, which the district court granted. The court held: 1) it lacked subject matter jurisdiction over Nato's claims under either 28 U.S.C. § 1331 or 28 U.S.C. § 1362; 2) the White Mesa Utes and/or the Skull Valley Band of Goshutes could seek relief on their own initiative; 3) absent formal recognition by the Department of the Interior, Nato lacked standing to assert rights before the court as a recognized Native American Indian tribe; and 4)

---

[1]Other than asserting it is "a sovereign indigenous government," Nato provides no indication of its origin or legal status.

[2]Nato's complaint attempted to include potential claims of the White Mesa Ute Indians and the Skull Valley Band of Goshute Indians concerning interests wholly unrelated to Nato's alleged mineral interest.

the two individuals, Ron Allen and Chief Henry Clayton, who represented Nato at the hearing on the State's motion to dismiss were not licensed attorneys and were not entitled to appear before the court in a representative capacity. The court later denied Nato's motion to alter or amend judgment.

On appeal, Nato filed two separate docketing statements and one brief containing two parts. One docketing statement and the second part of the brief were authored by Chief Henry Clayton; they address his ability to represent Nato in court proceedings. The other docketing statement and first part of the brief were filed and signed by a licensed attorney; they deal with the other issues Nato raises in this appeal.[3]

In response to the docketing statement filed by Chief Henry Clayton, the State filed a motion to disqualify him from filing pleadings or appearing in connection with this appeal. We agree with the State; a non-lawyer may not represent Nato in federal court.[4]

Individuals may appear in court pro se, but a corporation, other business

---

[3]Tenth Circuit Rule 3.4(C) states: "An issue not raised in the docketing statement may be raised in appellant's opening brief." Thus, we will address the issues raised in the part of the brief authored by counsel for Nato even though they were not contained in the docketing statement filed by counsel.

[4]In this motion the State also requests we summarily dispose of the sole issue raised in the docketing statement filed by Chief Henry Clayton. In light of our resolution of the issues raised in Nato's brief below, this aspect of the motion is denied as moot.

entity, or non-profit organization may only appear through a licensed attorney. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556-57 (10th Cir. 2001); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied,* 371 U.S. 950 (1963); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 33 (7th Cir. 1976). *See generally Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (D. Ala. 1975) (consolidation of cases from across the nation at the order of Chief Justice Warren E. Burger to address the issues of pro se representation and the right of unlicensed persons to represent others); *Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir.1976). Nato is such an entity.

Nato filed a consent to allow Chief Henry Clayton to represent it, but that is of no moment because regulation of practice in the courts is a matter of positive law, serving societal and systemic needs and transcending the stated preference of particular litigants, particularly non-individuals. Chief Henry Clayton may not represent Nato in this appeal; the docketing statement and the portion of the brief filed by him are struck.

The counseled portion of the brief also claims it was error for the district court to refuse Chief Henry Clayton's request to represent Nato. It does so in summary fashion, unburdened by citation of authority or cogent argument, but merely adopts by reference the arguments of Chief Henry Clayton. Our reasons

for refusing those filings and arguments in this court apply equally to proceedings in the trial court. The district judge was correct in refusing to allow non-lawyers to practice law.

We now address the other issues raised by Nato through counsel. In several arguments, Nato objects to the manner and scope of the district court's order dismissing its complaint. It seems to concede a lack of federal question jurisdiction, but argues that once the district court determined it lacked federal question jurisdiction it should not have addressed the other issues: Chief Henry Clayton's representation and Nato's standing to bring suit as a Native American Indian tribe. Nato further argues that even if it were proper for the court to address these issues, the court erred in its determination.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. *Ordinance 59 Ass'n v. United States Dept. of Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998). Nato's complaint asserts the federal district court has jurisdiction under 28 U.S.C. § 1362 and 28 U.S.C. § 1331. "[B]oth § 1362 and § 1331 require that the matter in controversy be one arising under the Constitution, laws, or treaties of the United States." *Mescalero Apache Tribe v. Martinez*, 519 F.2d 479, 480 (10th Cir. 1975).[5] But the

_____

[5]28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And 28 U.S.C. § 1362 provides: "The district courts shall

jurisdictional ground is more fertile for recognized Indian tribes because of treaty, tribal and other federally derived rights. Accordingly, it was not error for the district court to inquire into Nato's status, and it was correct in determining Nato had no recognized status. The record reveals no qualifying facts as dictated by 28 U.S.C. § 1362. That resolved, we now turn to the more general federal question issue.

As best we can determine from the pleadings and briefs, Nato's action is akin to a quiet title action. It complains that the state failed to determine or improperly determined the correlative rights of claimants to interests derived from a state mineral lease of state resources.[6] Those allegations do not present a controversy arising under the Constitution, laws or treaties of the United States,[7] and it readily appears that allowing an opportunity to amend would have been futile. *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir.), *cert. denied,* 534

have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, **wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.**" (Emphasis supplied.)

[6]Since Nato does not describe its legal status (merely alleging it is "a sovereign indigenous government") it is impossible to know whether it has the legal capacity to contract or otherwise hold property.

[7]We also agree with the district court's determination that the purported grievances of the individual tribes listed in Nato's complaint were not properly brought by Nato. Further, Nato has failed to raise any argument regarding this issue in its opening brief, and as a consequence, it is waived. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

U.S. 922 (2001).

We **AFFIRM** the district court's dismissal of Nato's complaint for lack of subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1362, its determination that Nato is not an "Indian tribe or band with a governing body duly recognized by the Secretary of the Interior," and its refusal to allow Chief Henry Clayton to represent Nato in court proceedings.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge