Whitney TURNER, Appellant–Plaintiff,

v.

FRANKLIN COUNTY FOUR WHEELERS INC., Fair Board Of Franklin County, Franklin County 4–H Fairgrounds and Franklin County Commissioners, Appellees–Defendants.

No. 24A01–0712–CV–561.

Court of Appeals of Indiana.

July 15, 2008.

Dennis E. Harrold, Jason P. Wischmeyer, McNeely Stephenson Thopy & Harrold, Shelbyville, Ronald J. Semler, Stephenson Morrow & Semler, Theodore J. Blanford, Seth R. Wilson, Hume Smith Geddes Green & Simmons, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BROWN, Judge.

Whitney Turner appeals the trial court's grant of a motion to dismiss filed by Franklin County Four Wheelers, Inc., the Fair Board of Franklin County, the Franklin County 4–H Fairgrounds, and the Franklin County Commissioners (collectively, "Defendants"). Turner raises one issue, which we restate as whether the trial court abused its discretion by denying her motion to amend her complaint and granting the Defendants' motion to dismiss. We reverse and remand.

The relevant facts follow. On May 25, 2007, Turner filed a complaint for damages against the Defendants. However, due to either a human error or an error in the computer program Turner's counsel uses to generate his signature on pleadings, the complaint did not contain a signature of Turner's counsel. At the same time Turner filed her complaint, her counsel also filed a notice of appearance, which contained his stamped signature.

On August 7, 2007, the Fair Board of Franklin County and the Franklin County 4–H Fairgrounds filed a motion to strike the complaint pursuant to Ind. Trial Rule 11(A) because the complaint was not signed. Turner responded by filing a motion for leave to amend the complaint. The Fair Board of Franklin County and the Franklin County Commissioners then filed an objection to Turner's motion for leave to amend her complaint and filed a motion to dismiss. After a hearing, the

Keith G. Blazek, Craven Hoover & Blazek, Indianapolis, IN, Attorney for Appellant.

trial court entered an order denying Turner's motion for leave to amend her complaint and granting the motion to dismiss pursuant to Ind. Trial Rule 11(A).

■■■ The issue is whether the trial court abused its discretion by denying Turner's motion to amend her complaint and granting the Defendants' motion to dismiss. Turner argues that the trial court's dismissal of her action and failure to grant her motion to amend was "extreme" and an abuse of discretion. Appellant's Brief at 7. The Indiana Supreme Court has held that the rules of trial procedure "are intended to standardize the practice within the court, facilitate the effective flow of information, and enable the court to rule on the merits of the case." *S.T. v. State,* 764 N.E.2d 632, 635 (Ind. 2002). "As a general proposition, ... all litigants, as well as the court, are bound by the rules." *Id.* However, a court should not blindly adhere to all of its rules. *Id.*

> Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.

*Id.* (quoting *Am. States Ins. Co. v. State ex rel. Jennings,* 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972)). Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. *Soft Water Util., Inc. v. Le Fevre,* 261 Ind. 260, 269, 301 N.E.2d 745, 750 (1973). However, "we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice." *Id.* Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, *Lee v. Friedman,* 637 N.E.2d 1318, 1320–1321 (Ind.Ct.App. 1994), we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Beemer v. Elskens,* 677 N.E.2d 1117, 1119 (Ind.Ct. App.1997), *reh'g denied, trans. denied.*

The trial court's grant of the motion to dismiss was based upon Ind. Trial Rule 11(A), which provides:

> Every pleading or motion of a party represented by an attorney shall be signed by at least one [1] attorney of record in his individual name, whose address, telephone number, and attorney number shall be stated, except that this provision shall not apply to pleadings and motions made and transcribed at the trial or a hearing before the judge and received by him in such form. A party who is not represented by an attorney shall sign his pleading and state his address. Except when specifically required by rule, pleadings or motions need not be verified or accompanied by affidavit.... The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay. *If a pleading or motion is not signed* or is signed with intent to defeat the purpose of the rule, *it may be stricken as sham and false and the action may proceed as though the pleading had not been served.* For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

(Emphasis added).

■■■ Turner acknowledges that the complaint was not signed by her counsel due to

either human error or a computer error in the program used to affix his signature to documents.[1] There is no allegation that the failure to sign the complaint was a willful violation of the rule. Because the complaint was not signed, under Rule 11(A), the complaint *"may* be stricken as sham and false and the action may proceed as though the pleading had not been served." (emphasis added). "The term 'may' ordinarily indicates a permissive condition and discretion." *Schoemer v. Hanes & Assoc., Inc.,* 693 N.E.2d 1333, 1340 (Ind. Ct.App.1998).

Further, Turner requested that she be allowed to amend her complaint under Ind. Trial Rule 15(A), which provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, which-

ever period may be the longer, unless the court otherwise orders.

The Defendants objected because the statute of limitations had expired on May 29, 2007, and under Ind. Trial Rule 15(C), the amendment would relate back to the date of the original pleading. Because the trial court implicitly struck the original complaint pursuant to Ind. Trial Rule 11(A) and denied Turner's motion to amend her complaint, the trial court then dismissed the action.

 The trial court retains broad discretion in granting or denying amendments to pleadings, and we will reverse only upon a showing of abuse of that discretion. *Smith v. Ind. Dep't of Corr.,* 871 N.E.2d 975, 987 (Ind.Ct.App.2007), *reh'g denied, trans. denied, cert. denied,* —— U.S. ——, 128 S.Ct. 1493, 170 L.Ed.2d 304 (2008). An abuse of discretion has occurred if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* In determining whether an abuse of discretion has occurred, we look at such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Id.*

---

1. Some of the Defendants argue that "[m]echanical signatures to individual claims in civil cases have not been sanction [sic] or allowed and it would seem that such a practice defeats the purposes of Ind. T.R. 11(A) because the attorney is charged with the duty to establish that he/she 'read the pleading.'" Appellee's Brief of Fair Board of Franklin County, Franklin County 4–H Fairgrounds, and the Franklin County Commissioners at 5. They cite no authority for this proposition, and we note that mechanical signatures have been permitted in other contexts. *See, e.g., Ford v. State,* 650 N.E.2d 737, 739 (Ind.Ct. App.1995) (approving the use of a mechani-

cally stamped signature of the prosecutor on traffic citations); *James v. State ex rel. Comm'r of Motor Vehicles,* 475 N.E.2d 1164, 1166 (Ind.Ct.App.1985) ("Just as it is not necessary to the validity of a signature to a jurat that it be made with pen and ink or any other specific instrument, ... so, too, we are convinced it is not necessary to the validity of a signature to a certification statement that it be made with pen and ink or any other specific instrument."). Moreover, it is irrelevant here how the signature was supposed to be affixed. Rather, the only relevant consideration is that the complaint was filed without a signature by mistake.

Turner relies upon *Rueth Dev. Co., v. Muenich,* 816 N.E.2d 880 (Ind.Ct.App. 2004), *trans. denied,* and *Christian Bus. Phone Book, Inc. v. Indianapolis Jewish Cmty. Relations Council,* 576 N.E.2d 1276, 1277 (Ind.Ct.App.1991), for the proposition that the trial court abused its discretion. In *Rueth Dev.,* the defendant filed a motion for more definite statement under Ind. Trial Rule 12(E), and the trial court ordered the plaintiffs to amend their complaint within twenty days. 816 N.E.2d at 882. Due to a calendaring error, the plaintiff filed the amended complaint either one or three days late. *Id.* The defendants then filed a motion to dismiss, which the trial court granted. *Id.*

On appeal, we held that the action had been dismissed under Ind. Trial Rule 41(E) for failure to comply with the trial rules. Id. at 883. We noted that the amended complaint was only a couple of days late, the plaintiffs promptly corrected their mistake, the plaintiffs did not have a history of failing to comply with other court orders, and we have a preference for deciding cases on their merits. *Id.* at 884–886. We concluded that dismissal of the plaintiffs' complaint was an abuse of discretion. *Id.* at 887.

Similarly, in *Christian Bus. Phone Book,* a corporation filed a complaint against the council, and the complaint was signed by the president of the corporation. 576 N.E.2d at 1276. The complaint was not signed by an attorney, and no attorney appeared for the corporation at the time it filed the complaint. *Id.* On July 9, 1990, the attorneys for the council filed an answer and a motion to dismiss, which was based on the failure of the corporation to appear by attorney as required by Ind. Code § 34–1–60–1. *Id.* The trial court set the matter for hearing on September 10, 1990, and counsel filed an appearance for the corporation on the same day as the hearing. *Id.* After the hearing, the trial court granted the motion to dismiss. *Id.*

On appeal, the council argued that because the corporation filed its complaint without the benefit of an attorney, the trial court properly dismissed the case even though an attorney had appeared for the corporation in the case prior to the hearing on the dismissal. Id. at 1277. We disagreed and reversed the trial court's decision as follows:

> We cannot support such a terminal result here. Dismissal is a remedy which is not favored in this state because "in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." In numerous cases, our appellate courts have held that dismissal should not be granted unless less drastic sanctions will not suffice.

*Id.* (internal citations omitted). We noted that in previous cases where an appellate court had affirmed a trial court's dismissal after a corporation's failure to retain counsel, the trial court "had given the corporation the opportunity, which the corporation refused, to retain proper representation before dismissing the action." *Id.* (citing *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20 (2nd Cir.1983), and *Strong Delivery Ministry Ass'n. v. Bd. of Appeals,* 543 F.2d 32 (7th Cir.1976)). A corporate litigant must be given a fair opportunity to correct its error and retain competent counsel before dismissal is appropriate. *Id.* Therefore, we held that the trial court abused its discretion by dismissing the corporation's complaint after the attorney had appeared for the corporation. *Id.*

We conclude that *Rueth Dev.* and *Christian Bus. Phone Book* are instructive here. The dismissal of Turner's action was an extreme remedy for the mistake of Turner's counsel. The record reveals no un-

due delay, bad faith or dilatory motive on Turner's part and no repeated failure to cure the deficiency. The Defendants argue that they would be prejudiced by the amendment because the statute of limitations has run. The Defendants also argue that the amendment would be futile because the complaint was stricken, leaving nothing to amend.

Given our preference for deciding cases on the merits, we must disagree with the Defendants' arguments, concluding that, in conjunction with granting the motion to amend, the trial court should have denied the motion to strike. Thus, under Ind. Trial Rule 15(C), the amended complaint then would relate back to the date of the original complaint. We conclude that the trial court abused its discretion by granting the Defendants' motion to strike and that the trial court abused its discretion by denying Turner's motion to amend her complaint. Consequently, we conclude that the trial court abused its discretion by granting the Defendants' motion to dismiss.

For the foregoing reasons, we reverse the trial court's grant of Defendants' motion to strike, the trial court's denial of Turner's motion to amend, and the grant of Defendants' motion to dismiss and remand for proceedings consistent with this opinion.

Reversed and remanded.

MAY, J., and MATHIAS, J., concur.