**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**WILLIAM V. HUGHES**
Beasley & Gilkison
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**KARL L. MULVANEY**
**NANA QUAY-SMITH**
**MARY H. WATTS**
Bingham McHale
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| GLORIA HUSSEY, Personal Representative of the Estate of STEVEN HUSSEY, <br><br> Appellant-Plaintiff, <br><br> vs. <br><br> WILLIAM H. TOEDEBUSCH, M.D., <br><br> Appellee-Defendant. | ) ) ) ) ) ) ) No.  89A01-1108-PL-345 ) ) ) ) ) |

APPEAL FROM WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-0901-PL-2

April 11, 2012

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-plaintiff Gloria Hussey (Hussey), as personal representative of the Estate of Steven Hussey, appeals the trial court's dismissal of her complaint against Appellee-defendant William H. Toedebusch, M.D. Specifically, Hussey argues that the trial court erred in dismissing her claim pursuant to Trial Rule 41(E) for failure to prosecute and failure to comply with the trial court's order to find new counsel. Hussey also argues that the trial court abused its discretion when it denied Hussey's motion to reinstate and motion to correct errors. Concluding that the trial court erred when it dismissed Hussey's complaint with prejudice pursuant to Trial Rule 41(E), we reverse and remand with instructions to reinstate the complaint.

FACTS

I. Initiation of the Lawsuit

Steven Hussey died at Reid Hospital in Richmond on June 3, 2004. On May 31, 2006, Hussey, on behalf of the estate of her husband, filed with the Indiana Department of Insurance a proposed medical malpractice complaint against Dr. Toedebusch. Dr. Toedebusch performed surgery on Hussey's husband on June 2, 2004. The medical review panel unanimously found in favor of Dr. Toedebusch. On June 26, 2009, Hussey filed her complaint against Dr. Toedebusch with the trial court. At that time, Attorney Charles Clark of Beasley and Gilkison, LLP (the "Firm") was Hussey's counsel. Attorney Mary Watts of Bingham McHale, LLP has represented Dr. Toedebusch throughout the course of these proceedings.

2

On November 3, 2009, the trial court held the first pretrial conference and ordered that the attorneys submit a joint case management plan. On December 2, 2009, the trial court approved a plan that established a deadline of August 2, 2010, for all discovery; set a pretrial conference for August 26, 2010, and set the jury trial for September 28, 2010.

After Clark and Watts scheduled the depositions of the members of the medical review board panel and the parties, Watts learned that Clark retired from the Firm on December 31, 2009. William Hughes is a partner with the Firm. According to Hughes, Clark informed the Firm in late December 2009 that he planned to resign on December 31, 2009–the same date that Clark reached the Firm's mandatory retirement age. Hussey elected to remain with the Firm, and Clark filed a motion to withdraw his appearance on January 15, 2010.

## II. Delk Assumes Representation of Hussey

Jason Delk, another attorney with the Firm, entered his appearance for Hussey on January 8, 2010. Delk asked that Watts postpone the impending depositions of the parties and panel members in order that he have sufficient time to review the case file. Watts obliged and cancelled the depositions and related predeposition meetings. Watts met with panel member Dr. Burrell as scheduled because she understood that Delk intended to depose Dr. Burrell at a later time, and she had already paid Dr. Burrell several thousand dollars for his time preparing his deposition testimony.

From January 2010 through October 2010, Watts called, wrote, and emailed Delk in an attempt to reschedule the depositions and recommence discovery. The record

includes eight of Watts' letters and emails, all asking Delk to respond to discovery requests and communicate with her so she could coordinate depositions. The letters and emails also reference Watt's repeated attempts to contact Delk via telephone and Delk's failure to respond to voicemails. On June 16, 2010, Watts emailed Delk informing him that she would be sending a request for production of documents for Dr. Hickey, Hussey's medical expert, and if she did not receive his file within thirty days, she would move to exclude it. In her letter dated July 29, 2010, Watts wrote Delk because she had not received Hussey's medical expert's file and stated that, if she did not receive a response in the next ten days, she would file a motion to compel or motion to prohibit the testimony of the expert.

Despite Hussey's failure to respond to Dr. Toedebusch's discovery requests, Hussey timely filed her expert witness disclosure on April 30, 2010, and her final witness list on June 30, 2010.

On August 5, 2010, the trial court informed counsel that it would sua sponte continue the jury trial scheduled for September 28, 2010, that the pretrial conference would remain as scheduled on August 26, 2010, and that the jury trial would be rescheduled during the pretrial conference. On August 17, 2010, after the discovery cutoff, Delk apparently responded to Watts' July 29, 2010 letter and indicated that Hussey's medical expert had not maintained a file. Delk also did not schedule Hussey's out-of-state expert available for deposition. Despite Delk's failures, Watts never filed the

motion to compel or the motion to prohibit the testimony of the expert as previously indicated.[1]

The trial court held a pre-trial conference on August 26, 2010. Although the conference was not recorded, Watts appears to have chronicled for the trial court her unsuccessful attempts to have Delk schedule Hussey's medical expert's deposition and further other discovery. The trial court later recalled that, during the conference, Delk's response to these complaints was along the lines of "go ahead, close discovery, I don't care." Tr. p. 9. To resolve the discovery dispute, the subsequent order provided that "counsel made statements to the court regarding the status of discovery" and "upon consideration of those statements of counsel, the court finds that discovery, including expert discovery, shall be deemed closed, effective August 1, 2010, except . . . counsel for Defendant shall be entitled to depose Plaintiff's expert witness." Appellant's App. p. 34. The August 26, 2010 order then reset the jury trial for December 13, 2010, and provided that "counsel for the parties shall schedule [the] deposition of Dr. Hickey to occur within sixty (60) days from the date of this order." Id. at 34-35. The trial court, on its own motion, ordered mediation, and Dr. Toedebusch objected to the mediation order.

On September 3, 2010, Watts sent an email to Delk seeking to schedule the deposition of Dr. Hickey as ordered by the trial court and reminding him that pretrial motions were due on September 13, 2010. When Delk failed to reply, Watts sent another email on September 27, 2010, imploring him to return her multiple messages regarding

[1] Dr. Toedebusch included with evidence in support of his motion to dismiss his unfiled motion to compel. Appellant's App. p. 105-106.

the trial and Dr. Hickey's file and deposition. Watts repeated her reluctance to file a motion to compel for Dr. Hickey's file or to exclude his testimony.

Having received no response, Watts phoned the Firm on October 14, 2010, and spoke with Delk's assistant. Delk's assistant informed Watts that Delk was leaving the Firm, and Hughes would assume representation of Hussey. Delk had advised the Firm sometime in late September that he was leaving to start his own practice. Watts immediately left two messages for Hughes that he did not promptly return. On October 18, 2010, Watts requested and the trial court ordered a teleconference for October 22, 2010. On October 21, 2010, Delk sent Watts a verified motion to withdraw from the case.

### III. Hughes Assumes Representation of Hussey

Before the trial court's order regarding the depositions expired, Hughes entered his appearance, attended the October 22, 2010 teleconference, and asked for a continuance. In its October 26, 2010, order, the trial court observed that Hughes advised the trial court that Delk had resigned from the Firm and requested a continuance because no attorney in the Firm was prepared to try the case as scheduled. Without objection from Dr. Toedebusch, the trial court granted the continuance and vacated the trial date. The order entered by the trial court did not state that Hussey was required to find new counsel.

On October 28, 2010, Watts wrote Hughes to inform him in detail of the status of discovery and Delk's failure to cooperate with discovery. Watts closed her letter asking

6

Hughes, once he had completed reviewing the case file, to contact her and potentially discuss dismissing the case.

Having received no response to her letter, on November 29, 2010, Watts called Hughes to inquire as to the status of the search for substitute counsel. Hughes informed Watts that he was unable to find substitute counsel and would meet with Hussey to discuss with her her options. Hughes met with Hussey on December 6, 2010 and claims to have advised her that the Firm would need to withdraw from the case, but he did not advise Dr. Toedebusch of his decision to withdraw.

On December 14, 2010, Watts, having received no response from Hughes, filed Dr. Toedebusch's motion to dismiss Hussey's complaint with prejudice pursuant to Indiana Rule of Trial Procedure 41(E) for failure to prosecute, alleging that Hussey failed to comply with the October 26, 2010 court order to secure substitute counsel within thirty days. On December 27, 2010, Hughes wrote Hussey to advise her of the motion to dismiss, provided her with a copy of his motion to withdraw, and included a list of attorneys that Hughes felt were qualified to represent her.

On December 29, 2010, Hughes filed the motion to withdraw himself and the Firm, in which, he requested that the trial court stay all proceedings for six months to afford Hussey sufficient time to acquire new counsel. On January 18, 2011, the trial court, upon the motion, stayed all proceedings until April 1, 2011, on which date the court would hold a status conference, and ordered that Hussey have three months to retain new counsel.

## IV.  Hussey Retains New Counsel Temporarily

On January 28, 2011, Attorney Boyd Hovde called Watts to inform her that he was considering appearing for Hussey and in order to gather details about the status of the case.  Watts did not hear from Hovde again until the status conference.  On April 1, 2011, Hovde and Nicholas Deets, a partner with Hovde's law firm, filed their appearances for Hussey.  Deets  appeared on behalf of Hussey at the status conferences, and Toedebusch informed the trial court that it wished to proceed with the hearing on the motion to dismiss with prejudice, and the trial court set the hearing on the motion for April 19, 2011.  On April 18, 2011, Toedebusch filed a verified supplemental motion to dismiss with prejudice, adding Hussey's alleged failure to comply with discovery requests as additional grounds for dismissal under Trial Rule 41(e).

At that hearing on the motion to dismiss, Deets appeared on behalf of Hussey and argued that Hussey, having secured new counsel, was prepared to proceed and dismissing the case because of the inaction of prior counsel would be unfair to Hussey.  Admitting that "prior counsel didn't handle the case the way it should have been handled," Deets asserted that the appropriate remedy would be to sanction prior counsel.  Tr. p. 5. Further, Deets stated that "we're prepared to get in here and move this case forward the way it ought to be moved forward."  Id. at 8.

The trial court expressed frustration with prior counsel and stated, "The – problem I have is, and its not - not necessarily with your client, it's just that I can sanction them until the cows come home and nothing happens because they haven't complied with a

8

single order." Id. at 6. Deets asserted that the trial court had two options, let the trial proceed under limited discovery or "dismiss the case and [Hussey] can go pursue her remedies against the lawyers who didn't do what they should have done." Id. at 10. Later that day, the trial court entered its order granting the motion to dismiss with prejudice and awarding costs to Toedebusch, without reciting the grounds upon which it relied.

On May 9, 2011, Hughes reentered his appearance on behalf of Hussey and filed her motion to reinstate and to correct errors, arguing that Toedebusch's supplemental motion contained misstatements of fact regarding the trial court's October 22, 2010 order, that Hussey complied with all orders to retain new counsel, and that Toedebusch did not file any motions to impose sanctions against Hussey with respect to the alleged discovery abuses until he filed the supplemental motion to dismiss. During the hearing, Hughes stated, "Regarding the October 22nd teleconference, my notes indicate that I advised the Court that I would seek trial counsel for [Hussey], and the Court asked me would I do that within thirty days and I said yes, I would." Tr. p. 23-24. The motion to reinstate and to correct errors included verified statements in Hughes's attached affidavit and a verified response to the motion with supporting exhibits. The trial court heard argument on the motion to reinstate and motion to correct errors on July 5, 2011, and thereafter denied the motions. Hussey now appeals.

## DECISION AND DISCUSSION

## I. Trial Rule 41(E) Dismissal

Hussey argues that the trial court erred by dismissing her complaint pursuant to Indiana Trial Rule 41(E) for failing to prosecute and failing to comply with the trial court's orders. Specifically, Hussey argues that the original ground for Toedebusch's motion to dismiss was based on a nonexistent court order, and the grounds asserted in the supplemental motion to dismiss did not evidence any delay in the proceedings or prejudice to Toedebusch. Appellant's Br. p. 11. Additionally, Hussey argues that she fully complied with the trial court's January 18, 2011 order in which she was granted until April 1 to find new counsel.

The trial court granted the motion to dismiss without a detailed written opinion. When a court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed upon review that the court granted the motion to dismiss on all the grounds in the motion. Gorski v. DRR, Inc., 801 N.E.2d 642, 645 (Ind. Ct. App. 2003). Dr. Toedebusch alleged in the original motion that dismissal was warranted pursuant to Trial Rule 41(E) because Hussey failed to comply with an order to find new counsel within thirty days of the October 22, 2010 teleconference and failed to respond to discovery requests from January 2010 to August 2010.

We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. Olson v. Allick's Drugs, Inc., 863 N.E.2d 314, 319 (Ind. Ct. App. 2007), trans. denied. An abuse of discretion occurs if the decision of the

trial court is against the logic and effect of the facts and circumstances before it. Id. We

will affirm if there is any evidence that supports the trial court's decision. Id.

> Trial Rule 41(E) provides in pertinent part:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case.

The purpose of this rule "is 'to ensure that plaintiffs will diligently pursue their claims,'

and to provide 'an enforcement mechanism whereby a defendant, or the court, can force a

recalcitrant plaintiff to push his case to resolution.'" Id. (quoting Benton v. Moore, 622

N.E.2d 1002, 1006 (Ind. Ct. App. 1993)). It is not the duty of the trial court to contact

counsel and urge or require him to act, although it is within the power of the court to

make such requests. Olson, 863 N.E.2d at 319. The burden of moving litigation forward

is upon the plaintiff and not the court. Id.

In addition to violations of the trial rules themselves, this Court has unequivocally

stated that Trial Rule 41(E) applies equally to orders of the court issued pursuant to the

trial rules. Office Env'ts, Inc. v. Lake States Ins. Co., 833 N.E.2d 489, 493 (Ind. Ct. App.

2005).

To determine whether a trial court has abused its discretion by dismissing a case

under Trial Rule 41(E), we generally balance several factors, including: (1) the length of

the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part

of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his

11

attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. Id. at 494. Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. Turner v. Franklin Cnty. Four Wheelers Inc., 889 N.E.2d 903, 905 (Ind. Ct. App. 2008).

While we may have condoned the dismissal of this case earlier on in the proceedings, because Hussey complied with the trial court's most recent order to find new counsel, we conclude that the trial court's dismissal of Hussey's complaint was an abuse of discretion. After the trial court first granted Hussey a continuance because her counsel was unprepared to try the case as scheduled, appellant's app. p. 36, Dr. Toedebusch filed his initial motion to dismiss Hussey's complaint pursuant to Trial Rule 41(E) for failure to prosecute, alleging that Hussey failed to comply with the trial court's October 22, 2010 order, requiring that Hussey retain new counsel within thirty days. Appellant's App. p. 37-38. On December 29, 2010, Hughes filed his motion to withdraw himself and the Firm and asked the trial court to stay all proceedings for six months for

12

Hussey to find new counsel. Appellant's App. p. 39-42. Despite Toedebusch's pending motion to dismiss, the trial court granted Hughes's motion to withdraw and, in its most recent order, ordered that that Hussey have three months to engage new counsel. Appellant's App. p. 43.

On April 1, 2011, Hovde and Deets, Hussey's new counsel, filed their appearances within the period ordered by the trial court and the day the stay of proceedings expired. Appellant's App. p. 8. That same day, Dr. Toedebusch filed a verified supplemental motion to dismiss based on the actions of Hussey's prior counsel that occurred before Hussey complied with the trial court's most recent order. Id. at 45-49. The next day, at the hearing on Dr. Toedebusch's motion to dismiss, Deets stated that "we're prepared to get in here and move this case forward the way it ought to be moved forward." Tr. p. 8. In light of Hussey's compliance with the most recent court order to secure new counsel and the statements of that counsel that they were prepared to prosecute the case, we conclude that the trial court erred in dismissing her complaint pursuant to Trial Rule 41(E). Therefore, we reverse the decision of trial court and remand with instructions that Hussey's complaint be reinstated. Furthermore, we instruct the trial court to permit no further delay in the proceedings.

The judgment of the trial court is reversed and remanded with instructions to reinstate Hussey's complaint.

DARDEN, J., and BAILEY, J., concur.