# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2019, 11:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR THE APPELLANT

Timothy E. Stucky
Stucky, Lauer & Young, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Credit Bureau Collection Services, Inc., <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> Rebecca Alsman, Sheila K. Riggs, Ashley Phillips, Charles R. Rogers, Betsy M. Wilson, David Wilson, and Julia Robbins, <br><br> *Appellees-Defendants.* | April 30, 2019 <br><br> Court of Appeals Case No. 18A-SC-2663 <br><br> Appeal from the Shelby Superior Court <br><br> The Honorable David N. Riggins, Judge <br><br> Trial Court Cause Nos. 73D02-1709-SC-924 73D02-1709-SC-936 73D02-1709-SC-942 73D02-1709-SC-943 73D02-1709-SC-946 73D02-1709-SC-947 73D02-1709-SC-953 |

**Bradford, Judge.**

# Case Summary

On August 8, 2018, Credit Bureau Collection Services, Inc. ("CBCS") was scheduled to appear at 1:30 p.m. to show cause as to why its cases against Rebecca Alsman, Sheila K. Riggs, Ashley Phillips, Charles R. Rogers, Betsy M. Wilson, David Wilson, and Julia Robins (collectively "Appellees") should not be dismissed by the court's Indiana Trial Rule 41(E) motion. CBCS's counsel arrived thirty minutes late after mistakenly going to the wrong courtroom. When counsel arrived around 2:00 p.m., he was informed that CBCS's seven small-claims cases had been dismissed with prejudice. CBCS's motions for relief and reinstatement of those cases were denied. CBCS appeals, claiming an abuse of discretion. We affirm.

# Facts and Procedural History

CBCS is a collection agency conducting business within the state of Indiana. In September of 2017, CBCS filed seven small claims actions in Shelby Superior Court 2. Insufficient service was returned on five of the seven cases. Of the two cases where service was achieved, the first was addressed on November 7, 2017, at an initial hearing where Alsman and CBCS entered into an agreed judgment; however, that agreement was denied on November 8, 2017, for exceeding the small-claims jurisdictional limit. The second of the two serviced cases was originally scheduled for November 20, 2017, but was rescheduled for January 22, 2018, on Rigg's motion. Neither party appeared at the bench trial on January 22, and the case was closed pending further action.

[3]     On June 7, 2018, the court issued Rule 41(E) motions for all seven of CBCS's cases and scheduled them to be heard on August 8, 2018, at 1:30 p.m. in Shelby Superior Court 2. On July 16 and 17, 2018, CBCS filed its responses to the court's Rule 41(E) motions and filed its alias notice of claims, all of which were scheduled for hearings on September 24, 2018.

[4]     On August 8, 2018, counsel arrived at Court 1 at 1:30 p.m. rather than Court 2, where CBCS's Rule 41(E) hearings were set to be heard. Riggs was present in Court 2 for the scheduled hearing. Counsel arrived in Court 2 shortly before 2:00 p.m., almost 30 minutes late and was informed that CBCS's seven cases had been dismissed with prejudice. On September 7, 2018, CBCS filed motions for relief from judgment and reinstatement in all seven of its dismissed cases pursuant to Rules 41(F) and 60(B)(2). On September 12, 2018, the court denied CBCS's requests for relief from judgment and reinstatement of proceedings.

# Discussion and Decision

## I. Dismissal

[5]     Trial Rule 41(E) directs trial courts to order a hearing for the purpose of dismissing a case if no action has been taken in sixty days and to dismiss a case if a party does not show sufficient cause at or before a hearing. Ind. Trial R. 41(E). We review the trial court's dismissal for an abuse of discretion. *Deutsche Bank Nat'l Trust Co. v. Harris*, 985 N.E.2d 804, 813 (Ind. Ct. App. 2013). We consider several factors when deciding whether or not a trial court has abused

its discretion by dismissing a case for failure to prosecute: (1) length of the delay, (2) the reason for the delay, (3) the degree of the plaintiff's personal responsibility, (4) the degree to which the plaintiff will be charged for the acts of his attorney, (5) the amount of prejudice to the defendant caused by his attorney, (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion, (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion, (8) the desirability of deciding the case on the merits, and (9) the extent to which the plaintiff has been stirred into action by the threat of dismissal as opposed to diligence on the plaintiff's part. *Id.* at 813–14.

[6]  CBCS has failed to establish that the trial court abused its discretion by dismissing its claims. It is uncontested that for five of CBCS's seven cases there was inactivity of almost seven months between filing and the court's Rule 41(E) motion. Additionally, regarding the two serviced-cases in Shelby County, CBCS neglected to diligently pursue those claims after November 7, 2017, even failing to appear at a bench trial scheduled for January 22, 2018. Counsel's failure to appear in a timely manner on August 8, 2018, lengthened what was already a substantial delay. "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The adverse party] should not be left with a lawsuit hanging over his head indefinitely.'" *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003) (*quoting Hill v. Duckworth*, 679 N.E.2d 938, 939 (Ind. Ct. App. 1997), *trans. denied*. Further, it seems clear from the record that CBCS was only stirred

into effectuating service on the majority of its defendants by the threat of dismissal, yet still failed to appear in a timely manner to a Rule 41(E) dismissal hearing. Though there is a strong preference for deciding cases on the merits, the trial court found numerous factors that weigh in favor of dismissal. CBCS has failed to establish that an abuse of discretion occurred.

# II. Denial of Relief and Reinstatement

[7]     Indiana Trial Rule 60(B)(2) states that a court may, on motion, relieve a moving party from judgment on any grounds that are just. Ind. Trial R. 60(B)(2). The burden is on the movant to establish grounds for relief under Rule 60(B). *Deutsche Bank Nat'l Trust Co*, 985 N.E.2d at 813. The trial court has discretion in granting or denying a Rule 60(B) motion, a decision which we review for an abuse of discretion. *Assocs. Fin. Serv. Co. v. Knapp*, 422 N.E.2d 1261, 1263 (Ind. Ct. App. 1981). An abuse of discretion occurs where the trial court's decision is "against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom." *Id*. In reviewing whether an abuse of discretion has occurred, we look to factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Turner v. Franklin Cty. Four Wheelers Inc.*, 889 N.E.2d 903, 906 (Ind. Ct. App. 2008).

[8] CBCS and its counsel are responsible for undue delay in the prosecution of the proceedings. The last time CBCS pursued these cases before the trial court's Rule 41(E) motion was on November 7, 2018, when CBCS entered into an agreed judgment (which was denied the next day) with Alsman. Next, CBCS failed to appear at a January 22, 2018 bench trial. Almost 5 months later, the trial court entered a Rule 41(E) motion to dismiss with a hearing scheduled for August 8, 2018. This prompted CBCS to effectuate service on the Appellees and file both a response to the court's Rule 41(E) motion and an alias notice of claims. However, CBCS's counsel failed to appear in a timely manner for the Rule 41(E) hearing, and as the trial court observed at the time, "[CBCS] has swung and missed on this twice in my court . . . ." In conclusion, the trial court did not abuse its discretion by finding an undue delay and denying CBCS's motions for relief from judgment and reinstatement. CBCS and its counsel were responsible for the undue delay of its cases and wasting judicial resources.

[9] The judgement of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.