**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RONALD E. WELDY**
Weldy & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID E. WRIGHT**
**KEVIN D. KOONS**
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KEISHA HOLLIS, on behalf of herself and all others similarly situated, | ) ) ) |
| Appellant-Plaintiff, | ) ) |
| vs. | ) No. 49A04-1404-PL-156 ) |
| DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, | ) ) ) |
| Appellee-Defendant. | ) ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49D05-0909-PL-44580

**December 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Keisha Hollis, on behalf of herself and all others similarly situated, appeals the trial court's order dismissing her action against Defender Security Company ("Defender"). Keisha raises three issues which we consolidate and restate as whether the trial court abused its discretion in dismissing her claim under Ind. Trial Rule 41(E). We affirm.

FACTS AND PROCEDURAL HISTORY

In September 2009, Keisha and Robert Hollis filed a complaint against Defender.[1] That same month, Attorney Ronald Weldy filed an appearance for the Hollises. On October 14, 2009, the Hollises filed a motion for class certification. On November 23, 2009, Defender filed a motion to dismiss Robert's claims, and on February 16, 2010, the court granted Defender's motion.

After seeking and obtaining permission to pursue an interlocutory appeal, Robert on behalf of himself and all others similarly situated appealed the trial court's dismissal of his wage claims. Hollis v. Defender Sec. Co., 941 N.E.2d 536, 536-537 (Ind. Ct. App. 2011), trans. denied. This court concluded that the trial court properly granted Defender's motion to dismiss Robert's claims because he did not submit them to the Department of Labor as required by the Wage Claims Statute. Id. at 540.

On December 1, 2010, the court denied Keisha's motion for class certification. On January 3, 2011, Keisha filed a motion to certify the interlocutory order for appeal. On February 4, 2011, the trial court denied Keisha's motion for certification.

---

[1] The record does not contain copies of a number of filings or orders including the complaint, the October 14, 2009 motion for class certification, the court's denial of Keisha's motion for class certification, Defender's motion for summary judgment, and the court's order granting in part Defender's motion for summary judgment.

On January 31, 2012, Defender filed a motion for partial summary judgment. On March 5, 2012, Keisha filed an "Unopposed Motion to Extend Deadline to File Response to Defendant's Motion for Summary Judgment" and alleged that she needed to take the deposition of Defender prior to responding to the motion. Appellee's Appendix at 1. On March 15, 2012, the court granted Keisha's motion to extend the deadline to May 4, 2012. On March 27, 2012, Defender filed a motion titled "Defendant's Agreed First Motion to Continue April 16, 2012 Hearing on Defendant's Motion for Summary Judgment" and requested that the court reschedule the hearing any time during or after the last week of May 2012. Id. at 3. On May 4, 2012, Keisha filed a second motion to extend the deadline to file a response to Defender's motion for summary judgment and alleged that the deposition of Defender had not been taken due to family responsibilities. On May 25, 2012, Keisha filed another motion to extend the deadline to file a response and alleged that she and Defender were working on scheduling the deposition for the first two weeks of June. In June 2012, Keisha filed another motion to extend the deadline and continue the hearing and alleged that "[d]ue to the vacation schedules of counsel for Plaintiff and Defendant, the Rule 30(B)(6) deposition of Defendant which Plaintiff needs prior to responding to this Motion will not be completed until July 19th and 20th, 2012." Id. at 11. The court granted the motion.

On August 29, 2012, Defender filed a motion for order of mediation. On September 27, 2012, the court granted in part Defender's motion for summary judgment. On December 13, 2012, the court entered a jacket entry in the chronological case summary ("CCS") which states: "Neither party having submitted a written request for order

3

appointing mediation panel per court[']s entry of 9/27, court declines to approve [Defender's] motion for order of mediation at this time. Motion may be renewed upon completion of discovery." Appellant's Appendix at 8.

On June 28, 2013, the Indiana Supreme Court entered an order titled "Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline" with respect to Attorney Weldy. In re Weldy, 989 N.E.2d 1252 (Ind. 2013). The Court suspended Attorney Weldy from the practice of law for a period of 180 days, beginning August 9, 2013, with ninety days actively served and the remainder stayed subject to completion of at least one year of probation. Id. at 1255.

On July 17, 2013, Attorney Matthew Derringer filed an appearance for Keisha.[2] On July 23, 2013, the Indiana Supreme Court entered an order regarding Attorney Weldy titled "Published Order Granting Motion to Postpone Effective Date of Suspension," which stated:

> By order dated June 28, 2013, this Court entered an order suspending Respondent from the practice of law in this state for a period of not less than 180 days, with 90 days actively served and the remainder stayed subject to one year of probation, effective August 9, 2013. On July 18, 2013, Respondent filed a motion to postpone the effective date of suspension for seven days to August 16, 2013, to accommodate a briefing schedule in a pending case. Being duly advised, the Court GRANTS the motion and postpones the effective date of Respondent's suspension to August 16, 2013.

In re Weldy, 991 N.E.2d 116, 116 (Ind. 2013).

---

[2] The CCS indicates that an appearance was filed for "Plaintiff Hollis, Robert." Appellant's Appendix at 8. Given that Robert's claims were previously dismissed along with the statements at the later hearing, it appears that the appearance was on behalf of Keisha. The CCS does not specify the name of the attorney, and the record does not contain a copy of the appearance. In her brief, Keisha alleges that Attorney Matthew Derringer filed the appearance on her behalf on July 17, 2013.

4

On October 23, 2013, Defender filed a motion to dismiss pursuant to Trial Rule 41(E). Defender alleged that the only activity in the case since the court's September 27, 2012 order "has been the non-substantive action of the Plaintiff's filing an appearance of additional counsel, Matthew Derringer, on July 17, 2013." Appellant's Appendix at 13. Defender alleged that Keisha no longer lived in Indiana and had lost interest in the action, some of the witnesses had left Defender's employ, and the passage of time for witness testimony was prejudicial to Defender. On November 4, 2013, the court scheduled a hearing on the motion for January 30, 2014.

On January 30, 2014, Keisha filed a verified opposition to Defender's motion to dismiss which alleged in paragraphs n, o, and p that certain actions occurred in 2013. That same day, the court held a hearing. Defender's counsel argued that the actions specified in paragraphs n, o, and p of Keisha's verified opposition to Defender's motion to dismiss actually occurred in 2012 and not 2013, and Attorney Weldy admitted that "it was just a typo." Transcript at 7. Defender's counsel argued that there was no follow through on the mediation back in 2012 because Keisha's counsel did not know where she was or how to contact her, that two employees with knowledge of the case no longer were employed by Defender, and that Keisha had a lengthy history of being dilatory.

Attorney Weldy stated that when Keisha was transitioning from Arizona back to Indiana he did not have a good phone number for her "so I think there was a period of time where I had reached out for her and wasn't getting her directly." Id. at 19. He also stated that he was in communication with Keisha and "that's not an issue." Id. He also mentioned a pending action in front of the Disciplinary Commission, that he could not "just take three

5

years litigation and hand it off to another attorney an [sic] expect good results," and that

"[a]t no point in time does it make sense for me to file a Praecipe for trial when the trial

date could be set during the time that I'm on suspension, okay." Id. at 25-26. He testified

that he asked for an extension "primarily because of a Reply Brief [that] needed to be filed

in that Petition for Attorney's Fees in that big federal class action . . . ." Id. at 30. He

further stated that he believed the next step was a motion for class certification.

The court stated:

> Well, the Court is – certainly realizes that dismissal was a very drastic action for any trial court to take. And I don't do it often, and I don't take that responsibility lightly. However, this case, as [Defender's Counsel] stated, the last thing of any significance that was done on this case was in September of 2012. So the case is 17 months, nothing has been done on the case. I just looked and the case was filed September the 21st of '09. And it looks like the allegations occurred in 2007, this case is old. It's not only old, but nothing's been done as I stated for 17 months, so the length is concerning to this court. I understand the disciplinary action reasoning, but basically as you said here today, Mr. Weldy, they gave you an extension. I understand you had other cases to work on, but clearly you could have done something on the case and you did nothing. And the other point being that another attorney actually entered his appearance on this matter as well and, obviously, he did nothing, nor does it appear that he was given any direction to do anything. The degree of responsibility on the part of the plaintiff, I have no reason to disagree with [Defender's Counsel]. It doesn't sound like you really did either when I specifically asked you. It appears that the last entry in December by the Court kind of encouraging the parties to go through mediation didn't occur as a result of you not knowing where your client was. And the prejudice to the defendant is another factor that I'm very concerned about. As [Defender's Counsel] indicated here today a couple employees have left. Obviously, that knowledge is now gone. What makes it worse on – because of – on behalf of the defendant is it sounds like those employees left and were upper management and whatever relationship they had with their company was not good, so clearly the defendant's [sic] have suffered – will suffer some prejudice as well. It also appears there were numerous extensions. The one thing too that I will note is whether or not plaintiff was stirred into action by the threat of dismissal, and I also will cite that as a factor as well, because this was set – I set this matter for hearing back on November

6

the 4th of 2013, is when the parties received – or is when I signed the order setting this matter for hearing for today's date. And it wasn't until today that I got, this morning by fax, your Motion in Opposition, which was later filed by hard copy and then once it comes in front of me, after I'd reviewed it and thinking these dates were 2013, they're all 2012 dates and that's paragraphs n, o, p, and that's significant because if it were 2013 I wouldn't even listen to argument, but it's been a long time that absolutely nothing has been done on this case. So, as I state before, I don't do this lightly but I am going to grant Defendant's Motion to Dismiss.

Id. at 33-36.

On January 30, 2014, the court entered an order of dismissal pursuant to Ind. Trial Rule 41(E). On March 3, 2014, Keisha filed a verified motion to reinstate and motion to correct error and alleged that the motion was made pursuant to Ind. Trial Rules 59 and 60. On March 10, 2014, the court entered an order denying Keisha's motion to reinstate and motion to correct errors.

DISCUSSION

The issue is whether the trial court abused its discretion in dismissing Keisha's claim under Indiana Trial Rule 41(E). Ind. Trial Rule 41(E) provides in part:

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. Belcaster v. Miller, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), trans. denied. An abuse of discretion occurs if the decision of the trial court

7

is against the logic and effect of the facts and circumstances before it. Id. We will affirm if there is any evidence that supports the trial court's decision. Id.

The purpose of Trial Rule 41(E) is "to ensure that plaintiffs will diligently pursue their claims" and to provide "an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." Id. (citing Benton v. Moore, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993), reh'g denied). "The burden of moving the litigation is upon the plaintiff, not the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so." Id. (citing Benton, 622 N.E.2d at 1006 (quotation omitted)). "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The defendant] should not be left with a lawsuit hanging over his head indefinitely." Id. (citing Hill v. Duckworth, 679 N.E.2d 938, 939-940 (Ind. Ct. App. 1997) (quotation omitted)).

We generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. Office Environments, Inc. v. Lake States Ins. Co., 833 N.E.2d 489, 494 (Ind. Ct. App. 2005); Belcaster, 785 N.E.2d at 1167. These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of the plaintiff's personal responsibility; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court

8

congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. Belcaster, 785 N.E.2d at 1167 (citing Lee v. Friedman, 637 N.E.2d 1318, 1320 (Ind. Ct. App. 1994)). "The weight any particular factor has in a particular case depends on the facts of that case." Id. (quoting Lee, 637 N.E.2d at 1320). "However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." Id. (citing Lee, 637 N.E.2d at 1320). Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. Turner v. Franklin Cnty. Four Wheelers Inc., 889 N.E.2d 903, 905 (Ind. Ct. App. 2008).

Keisha appears to argue that the trial court erred when it found that only allegedly substantive acts of prosecution are relevant to making a determination as to the merits of dismissal for lack of prosecution under Trial Rule 41(E). She contends that action in furtherance of the prosecution of this matter took place in December 2012 when the parties discussed potentially mediating this matter and in May or June 2013 when the parties discussed settlement. She argues that she had a very good excuse for the period of inactivity, "namely, the 90-day suspension of proposed Class Counsel." Appellant's Brief at 9. She also asserts that Attorney Weldy was in contact with Hollis in December 2012 or January 2013, that she and the proposed class did nothing wrong, and that Defender was

9

vague about the testimony that was allegedly lost. Defender argues that the trial court did not abuse its discretion in dismissing Keisha's complaint.

We initially note that the trial court observed that it "certainly realizes that dismissal was a very drastic action for any trial court to take. And I don't do it often, and I don't take that responsibility lightly." Transcript at 33. With respect to the length of the delay, we observe that Defender filed a motion to dismiss pursuant to Trial Rule 41(E) on October 23, 2013, more than four years after the filing of Keisha's complaint. "The most significant period of time for purposes of the issue before us is, of course, the period immediately preceding the issuance of the show-cause order." Baker Machinery, Inc. v. Superior Canopy Corp., 883 N.E.2d 818, 824 (Ind. Ct. App. 2008), trans. denied. The CCS does not reveal any activity during the ninety-eight days between the filing of the appearance by Attorney Derringer for Keisha on July 17, 2013, and the filing of the motion to dismiss by Defender on October 23, 2013. In her motion to reinstate, Keisha's counsel alleged that "[s]ometime in May or June 2013 – counsel for the parties have a brief telephone conversation regarding settlement and the undersigned informs counsel for [Defender] that [Keisha] intends to file a new Motion for Class Certification." Appellant's Appendix at 25. We note that no such motion was filed by the time Defender filed its motion to dismiss four or five months later in October 2013. While Keisha alleged in her motion to reinstate that the court and counsel for the parties had telephonic discussions regarding appointing a mediator, the only entry in the CCS for December 2012 states: "Jacket Entry: Neither party having submitted a written request for order appointing mediation panel per court[']s entry of 9/27, court declines to approve defendant[']s motion for order of mediation at this

10

time.  Motion may be renewed upon completion of discovery." Id. at 8.  Further, Defender was the party that filed the motion for an order of mediation.  The next prior event occurred on September 27, 2012, when the court approved an order granting, in part, Defender's motion for summary judgment.

As for the reason for the delay, the degree of the plaintiff's personal responsibility, and the degree to which the plaintiff will be charged for the acts of her attorney, we note that Keisha's counsel was unable to contact her for some period of time.  When the court asked whether he lost contact with Keisha, her counsel stated:

> There was a – I think when she was transitioning from Arizona back to Indiana, I had – I didn't have a good phone number for her and so I think there was a period of time where I had reached out for her and wasn't getting her directly.  And, you know, since then I've picked up her mom's number, so if there's any point in time where, you know, there's a – I can't reach her and I've tried her two or three times and I'm not hearing back from her, I now can go through her mother and her mother can always get in touch with her and get back to her.  I mean, I've been in communications.  I know she's been back in Indiana for at least a year and, you know, we've talked just in – I think we talked either December or very early January.  So, you know, I'm in communication with her, that's not an issue.  And she wants to, obviously, conclude the case.

Transcript at 18-19.  Keisha asserts that the reason for the delay was that Attorney Weldy was suspended from the practice of law for ninety days.  However, Attorney Derringer filed an appearance for Keisha on July 17, 2013, and did not take further action.

As for prejudice, Defender alleged in its motion to dismiss that some of the individuals it intended to call as witnesses had left its employ, including John Corliss and Robert Gallup, and that the passage of time and its impact upon witness memory and the lack of Keisha's presence and ability to be located prejudiced Defender.  During the

11

hearing, Defender's counsel testified that two of the former employees that had knowledge of the incident were no longer employees, that they were "upper management people" and that he did not believe that "the relations are good." Id. at 15-16.

With respect to the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion, we observe that Keisha filed multiple motions requesting continuances or extensions of deadlines in March, May, and June of 2012. We also observe that the trial court stated: "It appears that the last entry in December by the Court kind of encouraging the parties to go through mediation didn't occur as a result of you not knowing where your client was." Id. at 34. Lastly, we cannot say that the factor of the extent to which the plaintiff has been stirred into action by a threat of dismissal, as opposed to diligence on the plaintiff's part, weighs in favor of finding an abuse of discretion.

Under the circumstances, we cannot say that the trial court abused its discretion when it dismissed Keisha's complaint. See Smith v. Harris, 861 N.E.2d 384, 387 (Ind. Ct. App. 2007) (holding that the trial court did not abuse its discretion by dismissing plaintiff's case under Trial Rule 41(E) where plaintiff offered no good reason for his failure to prosecute his case diligently, bore the responsibility for the inactivity, and was prompted to act again only because of the threat of dismissal of his lawsuit), trans. denied.

CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of Keisha's complaint.

Affirmed.

BAILEY, J., and ROBB, J., concur.

12